EBERHARD JANSEN *et al.*

*v.*

LEVERETT VARNUM *et al.*

1. NEW TRIAL—*judgment against one without evidence.* In a suit against a husband and wife for an injury to land by the digging of a ditch, whereby water was thrown upon the plaintiffs' land, and the making of a dam, causing the water to overflow the plaintiffs' land, where there was no evidence connecting the wife with the acts complained of, except that she was the owner of the land upon which the dam was built and from which the ditch was cut, the land being in the occupancy of her husband, the co-defendant, it was *held*, that it was error to take a verdict and judgment against both defendants, and that a new trial should have been granted.

2. TORT—*liability of owner of land for act of one occupying same.* If a married woman owns land, and it is occupied by her tenant or cultivated by her husband, and either of them erects a dam thereon or digs a ditch, so as to overflow the land of another, she will not be liable unless the act was done under her direction or by her sanction, or she knowingly approved and maintained it.

3. PRACTICE—*recovery against several for torts.* In an action for tort against several, the plaintiff may recover against so many of the defendants as the proof shows were guilty of the wrong. but the proof failing as to any of the defendants, those against whom there is no evidence are entitled to a verdict.

4. PRACTICE IN SUPREME COURT—*reversal as to part of defendants.* At law, in a suit against several, a judgment must be an unit as to all the defendants, and can not be reversed as to a part of them and affirmed as to the others.

APPEAL from the Circuit Court of Monroe county; the Hon. AMOS WATTS, Judge, presiding.

This was an action originally brought before a justice of the peace, by Leverett Varnum, Frederick Varnum and Sarah Varnum, against Eberhard Jansen, and Bertha Jansen, his wife, to recover damages to real estate caused by the digging of a ditch, whereby water was thrown from the lands of Bertha Jansen upon that of the plaintiffs, and by the building of a dam on other land of Bertha Jansen, whereby the natural flow of the water from the plaintiffs' land was obstructed.

There was a trial in the circuit court, on appeal, resulting in a verdict of $85 damages, in favor of the plaintiffs, upon

which judgment was rendered, the court overruling a motion for a new trial. The other material facts are stated in the opinion.

Messrs. TALBOTT, for the appellants.

Mr. E. P. SLATE, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

We have examined the evidence in this case with care, and fail to find a particle of testimony against Bertha Jansen. We do not find her name mentioned by a single witness in the entire evidence. She is proved to have done no act, given no directions as to the dam or ditches, nor does it appear that she ever sanctioned or approved anything her co-defendant did. It is, therefore, impossible to see on what principle in law or justice she should be held liable. So far as the evidence shows, she was as entirely disconnected from the acts of her co-defendant as any other person. It would, under such circumstances, violate every recognized rule of law to hold her liable on the evidence in this case.

It is, however, said in argument, that she owned the land, but if that be so we fail to find any evidence of the fact in the bill of exceptions. But even if it did appear, that could not render her liable unless she did the acts complained of, or directed them, or knowingly approved and maintained them. If she owned the land, and it was occupied by a tenant or cultivated by her husband, and either of them did the act, she would not be liable unless it was under her direction or by her sanction. In such a case to render her liable she should be connected with the wrongful act, and in this case there is nothing to show she directed, sanctioned, or even knew of the acts complained of by appellees.

In actions for torts, the plaintiff may recover against so many defendants as the proof shows were guilty of the wrong, but the proof failing as to any of the defendants, they are en-

titled to a verdict, and if convicted they are entitled to a reversal. In this case, on the proof, appellees might have dismissed as to Bertha Jansen, and claimed a verdict against her co-defendant; but it was palpable error to take a verdict and judgment against her. At law a judgment must be a unit as to all the defendants. It can not be reversed as to a part of them and affirmed as to the others.

The judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*