## William E. Cummings, et al., v. Carrie R. Smith.

### Gen. No. 4,307.

1. REPLICATION—*when, does not answer plea of misjoinder.* A replication which simply avers that the plaintiff had not been injured in manner and amount as set up in the distress warrant, does not constitute a reply to a plea of misjoinder.

2. REPLICATION—*when necessity for, is waived.* Where parties go to trial without raising the point that the replication does not reply to a plea on file, the formality of any replication will be deemed to have been waived.

3. JUDGMENT—*when, reversed as to all defendants, though erroneous as to but one.* A judgment against several is a unit, and if bad as to one defendant it must be reversed as to all.

4. LANDLORD AND TENANT—*what does not establish relation of.* The mere fact that a person occupies premises for a long period of years, does not establish the relation of landlord and tenant between such person and one who during such period owned an interest in such premises.

5. ATTORNMENT—*what constitutes.* Payment of rent by one occupying premises to another claiming to own the same, constitutes attornment.

6. ASSIGNMENT OF ERROR—*when, will not be considered.* An assignment of error will not be considered where the facts upon which it is alleged to have been based do not appear in the abstract.

Distress for rent. Appeal from the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1903. Reversed and remanded. Opinion filed May 11, 1904.

R. W. COON, for appellants.

L. J. M. MALMIM, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Carrie R. Smith brought distress for rent against William E. Cummings and Jennie Worden Cummings for $543 rent in arrear for certain premises in Highwood, in Lake county, alleged in the distress warrant to have been demised to them by said Carrie R. Smith. Certain personalty was distrained and released on bond. The distress warrant and an inventory of the goods distrained and the bond were filed in the Circuit Court, and a summons was issued against and

returned served upon William E. and Jennie Worden Cummings. The former filed a plea of *non assumpsit*. The latter filed a plea describing herself as Jennie B. Cummings impleaded by the name of Jennie Worden Cummings, to the effect that the several supposed promises in the distress warrant mentioned, if any such were made, were each made by said William E. Cummings alone, and not by said Jennie B. Cummings jointly with him, and also a plea of *non assumpsit*, with an affidavit of the truth of the annexed plea. The replications assumed defendants had pleaded jointly and joined issue on what is called the first plea of defendants, and as to the second plea averred plaintiff had been injured in manner and amount as set up in the warrant. This was not a reply to anything set up in the plea of misjoinder, but as the parties went to trial without objection, a formal issue was waived. Supreme Court of Honor v. Barker, 96 Ill. App. 490. Upon a second jury trial, plaintiff recovered a verdict for $450. Defendants moved for a new trial, which was denied, and judgment was awarded against both defendants for $450, and they appeal therefrom.

1. There is no proof in the record that either Jennie Worden Cummings or Jennie B. Cummings ever occupied the premises described in the distress warrant, or ever became liable to pay plaintiff, or any one, rent therefor. Plaintiff argues a wife is liable with her husband for rent as a family expense, but there is no proof that said defendant is the wife of William E. Cummings or that she is married to any one, or that the wife of Cummings was named Jennie Worden or Jennie B. or Jennie. Therefore there is no proof to sustain this judgment for $450 against Jennie Worden Cummings. A judgment against several is a unit, and if bad as to one defendant, it must be reversed as to all. Jansen v. Varnum, 89 Ill. 100; Claflin v. Dunne, 129 Ill. 241; West Chicago St. R. R. Co. v. Morrison, etc., Co., 160 Ill. 288. The judgment therefore must be reversed and the cause remanded.

2. Plaintiff alleges she is not suing upon a written lease.

She testified she had rented Cummings the property through her agent. She did not testify when the property was so rented nor the name of the agent, and of course if the letting was verbal she did not personally know its terms. Her agent, Jennings, was a witness for her, and he did not testify that he let the property to Cummings. On rebuttal, plaintiff testified her brother, E. K. Smith, acted as her agent till 1900, but did not state when he began to act as her agent, nor that it was E. K. Smith who let the premises to Cummings. The mere fact that Cummings occupied the premises some ten or eleven years while plaintiff owned an interest in the property under a deed to her and others, does not prove that the relation of landlord and tenant existed between plaintiff and Cummings. The latter might have been in adverse possession for himself or as tenant of one claiming adversely. Plaintiff proved that within a year or a little more before this suit was brought Cummings paid her some rent. That might be an attornment to her at the date of the first such payment; but as plaintiff only claims at the rate of $22 per month, and she proved that he paid her and her agent, Jennings, either $109.80 or $134.80, no such sum as was here recovered could have accrued after Cummings' first payment to plaintiff. Plaintiff's proof tended to show Cummings was in arrears and owed prior unpaid rent, but it did not show he owed it to her. Defendants' proof partially explained the true situation. Plaintiff had shown a deed of the premises in 1889 to her father, her mother and herself, as joint tenants, subject to a trust deed to E. K. Smith, trustee, who is her brother as above stated, and that her father and mother had since died. On September 1, 1891, E. K. Smith gave Cummings a written lease of the premises for one year at $22 per month. By what right E. K. Smith gave this lease does not appear, but Cummings testified he entered into the lease upon the understanding that E. K. Smith owned the premises. On May 1, 1901, E. K. Smith, the lessor, assigned that lease to plaintiff. Cummings was in under that written lease from its date till his removal from the premises the last of No-

vember, 1902, except that he testified that by agreement between E. K. Smith and himself, the rent was reduced to $20 per month from August 31, 1898. Various papers put in evidence by defendants show plaintiff was really claiming under this lease and its assignment to her, and was relying upon E. K. Smith to settle what allowances should be made to Cummings for what Cummings claimed E. K. Smith owed him and had agreed to apply on the rent. A letter from plaintiff's agent, Jennings, to Cummings, written twenty days before this suit was begun, contains a threat to enforce certain powers contained in the lease, referring evidently to powers given the lessor to confess judgment against Cummings in forcible detainer and also for rent due and unpaid. Plaintiff obtained two instructions in reference to the lease. We are of opinion plaintiff's proofs did not show a cause of action against Cummings for the sum recovered, for lack of proof that prior to his first payment of rent to her or to Jennings any relation existed between plaintiff and Cummings whereby he became liable to her either for rent or for use and occupation. For all that appears here E. K. Smith may have been a mortgagee lawfully in possession, renting the premises and collecting rent to apply upon the debt secured by the trust deed to him. The proof indicates that plaintiff recognized that the lease was lawfully made by E. K. Smith, by taking an assignment thereof by E. K. Smith to herself, and by her frequent reference to him to ascertain what was the true state of the account prior to his assignment to her. So far as this record shows, if plaintiff seeks to recover for rent accruing before Cummings made the first payment of rent to her, she must proceed under the lease and its assignment, in which case it seems obvious she can have no claim against Jennie Worden Cummings, who was not a party to that instrument.

3. It is argued the court erred in refusing to quash the writ, because plaintiff did not immediately file a copy of the distress warrant and inventory with the clerk, but waited several days. The abstract does not show the date

Cummings v. Smith.

of the warrant nor the date when it was filed, and therefore the abstract does not show that the court erred in deciding that motion, even if defendants' interpretation of the statute is correct.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*