# CASES

## SECOND DISTRICT

# APPELLATE COURT OF ILLINOIS,

### DURING THE YEAR 1905.

---

### C. L. Aygarn v. John A. Blue, et al.

#### Gen. No. 4,455.

1. MOTION TO DIRECT—*when improper to give, where there are several defendants.* Where there are several defendants to an action of tort, it is error to instruct the jury to find the defendants not guilty, where the plaintiff is entitled to have the cause submitted to the jury as to one of such defendants.

Action on the case. Appeal from the Circuit Court of Livingston County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1904. Reversed and remanded. Opinion filed March 8, 1905.

E. A. SIMMONS, for appellant.

R. S. McILDUFF, for appellees.

MR. PRESIDING JUSTICE FARMER delivered the opinion of the court.

This is an action on the case brought by appellant against appellees, John A. Blue and Rogers Grain Company, in the Circuit Court of Livingston County. The declaration in substance charged that the plaintiff was on and before November 27, 1903, engaged in the business of shipping grain in cars over the Illinois Central Railroad from the station at Rooks Creek; that at his request, on the

(393)

said 27th of November, the said railroad company placed
a car on its side-track at said station for the use of plaintiff
in his business.    That plaintiff had purchased large
quantities of corn from farmers in the vicinity of said
station for loading and shipment in said car, but that
defendants, Blue and the Rogers Grain Company, through
its agents, servants and employees, "well knowing the
premises, did wilfully and unlawfully take the said car"
from the place where it had been set out for plaintiff, and
appropriate it to the use of the said Rogers Grain Co.,
whereby plaintiff was hindered and prevented from ship-
ping grain bought to be shipped from said station, in conse-
quence of which he suffered damage, etc.   Both defendants
pleaded the general issue and Rogers Grain Co. filed also a
plea of *nul tiel* corporation.    Issue was joined, jury im-
paneled and at the conclusion of the evidence for plaint-
iff, the jury, under the direction of the court, returned a
verdict for defendants, upon which the court after over-
ruling a motion for new trial, rendered judgment against
the plaintiff for costs, from which judgment this appeal is
prosecuted.

Complaint is made of certain rulings of the court in re-
fusing to admit evidence offered by appellant.    We think
there were some erroneous rulings in sustaining appellees'
objections to questions asked by appellant's counsel, but
most of such errors were cured by afterwards admitting
the evidence in answer to other questions.    We are also of
opinion the court might well have admitted, under the
circumstances under which they were offered, the record of
the incorporation papers of Rogers Grain Co., but as this
case must go back to the Circuit Court for another trial, when
appellant will have ample time to procure the originals or
obviate any objections to the introduction of records, we
deem it unnecessary to discuss the subject further.

Appellant and the Rogers Grain Co. were both engaged
in the business of buying and shipping grain, and Blue was
an employee of the Rogers Grain Co., in charge of its
elevator at Rooks Creek.    There was no other elevator

at that place. Appellant's office and residence were in Pontiac, and grain shipped by him from Rooks Creek, which was a small station or siding, had to be loaded in cars on the track from the farmers' wagons. The evidence shows that appellant on the 25th of November ordered from the railroad company's agent at Pontiac, who had charge of the business of his company also at Rooks Creek, three cars for November 27th to be delivered at Rooks Creek station. Either on the same day the order was made or the next day, the railroad company's agent notified appellant that he had one car in sight which he thought he could deliver at the place and time requested, and on the morning of the 27th early, the car was, by direction of said agent, set out on what is known as the "team track" at Rooks Creek station for appellant's use. The evidence further shows appellant had purchased grain to be delivered at Rooks Creek for shipment on that day. Before appellant had taken possession of the car by loading grain into it, appellee Blue caused it to be moved from the place where the railroad company had left it, to Rogers Grain Company's elevator, where it was loaded with that company's grain from its elevator, and appellant compelled to have the grain bought by him for delivery at that place, delivered at Pontiac, some few miles distant therefrom. The reason given by the court for directing a verdict was that "there is nothing to show us he, Blue, knew any of these facts—that Aygarn had ordered a car. There might have been enough to put him on inquiry, but not enough to prove he well knew the premises—that he was advised of the matter." The evidence relating to that subject was all embraced in the testimony of Martin Kunkle and appellant. The former testified he lived at Rooks Creek and about seven o'clock in the morning of November 27th, saw a car on the side track five or six rods from the elevator; that Blue was at the car getting some packing from the wheels; that they had a short conversation in which the witness told Blue Mr. Potter had sold his corn to appellant and his, the witness' boy, was going to haul for

him that afternoon, and that he guessed the car stand-ing there was appellant's car. Appellant testified he went to Rooks Creek and saw Blue at the elevator of Rogers Grain Co. between twelve and one o'clock and asked him " if he had taken that car down there on the track;" that Blue said he had, and appellant asked him to unload it and turn it back again, to which he said no; that appellant then de-manded the car and Blue laughed but made no reply. It will be observed that in neither of these conversations was there any intimation by Blue that his company had or-dered, or was expecting cars, or that he claimed this one was intended for them. The proof abundantly shows the car was delivered at the station for appellant's use, and even if he was required to prove the allegations of his decla-ration, that the defendants " well knowing the premises, did wilfully and unlawfully take the said car," we think the evi-dence sufficient to require its submission to the jury for them to determine whether it proved the allegations. From the nature of the case it would be very difficult to prove acts or declarations of defendants, or either of them, conclusively showing knowledge that the car was not theirs but was for appellant. Having shown that it was his car, and that ap-pellees, or one of them, took and appropriated it to their use after Blue's attention had been directed to the fact that it was supposed to be the appellant's car, he was entitled to have the question submitted to the jury and we think the court erred in refusing to do so. True, the evidence only tends to show actual knowledge to Blue, but that would not justify directing a verdict as to both defendants. The action was in tort and in such actions where several de-fendants are joined and the evidence is not sufficient to re-quire the submission of the case to the jury as to all of them, but is sufficient as to one or more, it is erroneous to direct a verdict as to all defendants. In such cases the court might properly direct a verdict as to the defendant against whom there is no evidence, or submit the case as to all defendants with instructions that the jury might find one defendant guilty and one not guilty if the evidence

warranted their so doing   Winslow v. Newlan, 45 Ill. 145; I. & St. L. R. R. Co. v. Hackethal, 72 Ill. 612; Jansen v. Varnum, 89 Ill. 100.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*