## Andrew Goldberg, et al., v. James H. Harney, et al.

### Gen. No. 4,483.

1. DEMURRER—*what not reached by general.* A general demurrer to a plea does not reach matters of form.

2. JURISDICTION—*when form of plea to, sufficient.* A plea to the jurisdiction is in due form which commences thus: "And the said Andrew Goldberg in his own proper person comes and defends, etc., and says," and concludes as follows: "And this the defendant is ready to verify, wherefore he prays judgment if the court here will take cognizance of the action aforesaid."

3. REVERSAL—*when must be as to all defendants.* A money judgment in an action at law is a unit; it cannot be affirmed as to one defendant and reversed as to another, but if erroneous as to one defendant, must be reversed as to all.

4. BILL OF EXCEPTIONS—*effect of failure to certify that it contains all the evidence.* Where the bill of exceptions does not purport to contain all the evidence heard by the trial court, it will be assumed, the evidence presented appearing insufficient, that there was other evidence heard by the trial court which was sufficient to justify the judgment.

Action of assumpsit. Error to the Circuit Court of DeKalb County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the April term, 1905. Reversed and remanded. Opinion filed August 1, 1905.

Goldberg v. Harney.

Jesse Lowenhaupt and J. B. Stephens, for plaintiffs in error.

Jones & Rogers, for defendants in error.

Mr. Justice Dibell delivered the opinion of the court.

This is an action of assumpsit brought by Harney Brothers against Andrew Goldberg and Isaac Goldberg in the Circuit Court of DeKalb County. Andrew Goldberg and Isaac Goldberg each filed separate pleas to the jurisdiction of the court, duly verified. To each of these pleas plaintiffs interposed a demurrer. These demurrers were sustained. Andrew Goldberg elected to stand by his saia plea, and was defaulted. Isaac Goldberg filed verified pleas of the general issue and denying that he was jointly liable with Andrew Goldberg in respect to the several supposed causes of action in the declaration mentioned, or any or either of them. There was a jury trial, and a verdict and a judgment for plaintiffs and against defendants for $974.04, after motions by Isaac Goldberg for a new trial and in arrest of judgment, had been denied. Defendants have sued out this writ of error to review that judgment.

Andrew Goldberg's plea began, "And the said Andrew Goldberg in his own proper person comes and defends, etc., and says," and ended as follows: "And this the defendant is ready to verify, wherefore he prays judgment if the court here will take cognizance of the action aforesaid." It is argued that the commencement and closing of this plea were insufficient in form. The demurrer was general and not special, and the commencement and closing seem to be in proper form, as approved in 3 Chitty's Pl., 895; Gould's Pl. (5th ed.), sec. 29; Puterbaugh's Com. Law Pl. & Pr. (7th ed.), p. 41; and Hamilton v. Dewey, 22 Ill. 490, where a plea in abatement commencing and concluding substantially as this does was held a good plea.

The substance of said plea by Andrew Goldberg was that at the time of the commencement of this suit said defendant was and from thence hitherto had been, and still is, residing in the county of Cook in the State of Illinois, and

not in the county of DeKalb, and that he was not found or
served with process in said action in the county of DeKalb,
but was found and served with process in said action in the
county of Cook; that the cause of action upon which the suit
was brought arose in the county of Cook, and not in the
county of DeKalb; that the action is not a local action; that
his co-defendant, Isaac Goldberg, before and at the time of
commencement of the said action was and from thence
hitherto has been, and still is, residing in Lake county, in
the State of Illinois, and not in the county of DeKalb; that
process was served on said co-defendant, Isaac Goldberg,
while he was in the county of DeKalb on a matter of busi-
ness, and had been there a very short time, and intended
to and did remain in said county but a very short time, and
not while said Isaac Goldberg resided in said county of
DeKalb, and that process was not served upon said Isaac
Goldberg within the county of Lake in said State of Illinois,
where said Isaac Goldberg resided.    Section 2 of the Prac-
tice Act enacts, that it shall not be lawful for any plaintiff
to sue any defendant out of the county where he resides or
may be found, except in local actions, and except that in
every species of personal actions at law where there is more
than one defendant, the plaintiff commencing his action
where either of them resides may have his writ issue to any
county where the other defendants, or either of them, may
be found.    The demurrer confessed this plea in abatement.
It is, therefore, admitted that plaintiffs did not commence
this action where either of the defendants, resided.    Not
having done so, plaintiffs were not entitled to a writ di-
rected to the county of Cook.    Sandusky v. Sidwell, 173 Ill.
493, was a like case.    That was a suit against George H.
Sidwell and George T. Sidwell.    George T. Sidwell filed
his plea to the jurisdiction of the court, alleging that the
cause of action arose in Cook county and not in Vermilion
county, where the suit was brought; that the action was
not a local action; that both he and his co-defendant at the
time the suit was begun resided in Cook county and not in
Vermilion county; that process was served on George H.

Sidwell while he was on a public train passing through Vermilion County, and not within the county of Cook where he resided, and that the other summons was served on said George T. Sidwell in the county of Cook, and not within the county of Vermilion.    This was held to be a good plea, and that case is decisive that the plea in the case at bar should have been sustained.    The judgment against Andrew Goldberg must, therefore, be reversed.    A money judgment in an action at law is a unit.    It cannot be affirmed as to one defendant and reversed as to another, but if erroneous as to one defendant it must be reversed as to all defendants.    Seymour v. Richardson Fueling Co., 205 Ill. 77; Cummings v. Smith, 114 Ill. App. 35.    It follows that this judgment must be reversed as to both defendants.

Plaintiffs in error ask us to reverse the judgment without remanding the cause, on the ground that a strong preponderance of the evidence shows that the dealings of Harney Brothers were not with both defendants, but only with Andrew Goldberg, the defendant who was served in Cook county.    The bill of exceptions does not state that it contains all the evidence.    For that reason we must assume that if the evidence in the record before us is not sufficient to make a case against both defendants, yet other evidence was heard to justify the judgment, but for the plea to the jurisdiction.    The judgment is therefore reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*