## C. L. Aygarn, Appellee, v. Rogers Grain Company, Appellant.

## Gen. No. 4,900.

1. CORPORATIONS—*when liable for vindictive damages for wrongful act of agent.* A corporation may be liable for vindictive damages for the wrongful act of its agent, perpetrated while ostensibly discharging duties within the scope of its corporate purposes.

2. PRACTICE—*effect of written motion for new trial.* Points not specified in a written motion for new trial, which sets out the specific grounds therefor, are waived and will not be considered on review.

3. INSTRUCTIONS—*must not give undue prominence to particular fact.* An instruction is properly refused which is calculated to direct the attention of the jury to a particular circumstance and thereby give undue prominence to an inconclusive fact.

4. APPEALS AND ERRORS—*when propriety of refusal of instruction will not be considered.* Unless all the instructions given for the appellant are contained in the abstract, it will be presumed that the refused instructions were embodied in those given.

Action on the case. Appeal from the Circuit Court of Livingston county; the Hon GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed March 11, 1908. Rehearing denied April 15, 1908.

W. C. GRAVES, for appellant.

E. A. SIMMONS, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action on the case brought by C. L. Aygarn, appellee, against the Rogers Grain Company and John A. Blue, appellants, to recover damages claimed to have been sustained by appellants wilfully and wantonly appropriating a freight car which had been placed at the disposal of appellee by the Illinois Central Railroad on its sidetrack at Rooks Creek station. It was before this court in Aygarn v. Blue, 118 Ill. App. 393. Upon a second trial the jury returned a verdict finding both defendants guilty, and assessing plaintiff's damages at $100. A motion for a new trial, with the reasons therefor in writing, was made and overruled, judgment rendered on the verdict, and the Rogers Grain Company appeals.

"Appellant contends that there is no evidence in this record of any *bona fide* actual damages to the plaintiff, and that even if the actual damages shown were *bona fide,* they were not large enough to warrant a verdict of $100, except upon the theory that vindictive damages were allowed." The evidence discloses that the Rogers Grain Company has elevators at several railroad stations in Livingston county, Rooks Creek being one of the stations at which it has an elevator. John A. Blue was the agent of the Rogers Grain Company at Rooks Creek. Aygarn was a grain dealer engaged

in buying and shipping grain at Rooks Creek, but did not have an elevator at that place, the grain he bought being shoveled into the cars from wagons. He had bought from G. W. Potter 2,000 bushels of corn, to be delivered about noon on November 27, 1903, and had engaged two cars from the railroad for that day. The railroad company furnished only one car, and placed it on the sidetrack three to five rods east of appellant's elevator. The proof is that Blue moved the car to the elevator and loaded it with grain belonging to the Rogers Grain Company, and that before he did that he had been told by a party delivering grain to appellant that "that car is for Mr. Aygarn," and Blue thereupon asked if Potter had sold his corn to Aygarn. Blue claims he did not know Aygarn had any order in for cars, and he thought it was a car set out for the grain company, yet he says about twelve o'clock C. L. Aygarn came and "wanted to know if I was loading that car. I said 'I am,' and he says 'I demand that car.' I don't think I said anything, just kind of grinned a little." The evidence reasonably supports the conclusion that Blue took the car knowing it was set out for appellee.

It is contended that appellee only proved that he sustained actual damages to the amount of $24.25, and that exemplary damages cannot be allowed against the grain company for the acts of its agent Blue. The evidence shows that Blue was its general agent in charge of its elevator at Rooks Creek, buying and shipping grain for appellant. The act of Blue in shipping appellant's grain was within the scope of his agency, and the rule is that a corporation may be liable for vindictive damages for the wrongful act of its agent, perpetrated while ostensibly discharging duties within the scope of its corporate purposes. St. Louis, Alton & C. R. R. Co. v. Dalby, 19 Ill. 353; Singer Mfg. Co. v. Holdfodt, 86 Ill. 455; Franklin Life Ins. Co. v. People, 200 Ill. 619; 7 Am. & Eng. Ency. of L. (2d ed.) 834. The knowledge of the appellant's

agent that the car was set out for Aygarn, and the appropriation of the car to appellant's use, were the knowledge and act of appellant. The evidence tends to show that the taking of the car was a wilful and wanton disregard of the rights of Aygarn, with the purpose of preventing him from shipping from that point, and to deprive that vicinity of a rival grain buyer. Aygarn was compelled, because of the loss of the car taken by appellant, to haul in wagons from Rooks Creek to Pontiac the grain he would have loaded into it. If such were the facts, the verdict and judgment are not excessive.

It is assigned for error and argued that the court erred in giving five instructions given at the request of appellee and in instructing the jury regarding punitive damages. The appellant in its written motion for a new trial gave the reasons in writing on which its motion was based. It does not amongst such reasons assign the giving of erroneous instructions for plaintiff. While it is true that errors in giving or refusing instructions, when exceptions have been properly taken, are saved without a motion for a new trial (Ill. Cent. R. R. Co. v. O'Keefe, 154 Ill. 508), still the rule is firmly established that when a motion for a new trial is made, and the points relied on stated therein, all other points are thereby waived. Chicago City Ry. Co. v. Smith, 226 Ill. 178; Kehl v. Abram, 210 Ill. 218; I. C. R. R. Co. v. Johnson, 191 Ill. 594; Hintz v. Graupner, 138 Ill. 158. The rule is applied in this court that appellant cannot raise any questions here that it did not raise in the trial court.

Appellant assigns for error the refusal of the court to give the twenty-fifth instruction asked by it. The instruction is, "that you must look alone to the evidence bearing upon the question as to where the Illinois Central Railroad Company considered its team track on that date and the Rogers Grain Company, and not what C. L. Aygarn or the farmers may have considered the team track at that time." The instruc-

tion was properly refused, as it was calculated to direct the attention of the jury to a particular circumstance, and thereby give undue prominence to an inconclusive fact. If the instruction had been proper, the abstract, under the rules of this court, is insufficient to present the error relied on. This is the only instruction asked on behalf of appellant that is printed in the abstract, while the record shows ten were given at its request. Unless all the instructions given for appellant are contained in the abstract, it will be presumed that the refused instructions were embodied in those given. P., C., C. & St. L. Ry. Co. v. Smith, 207 Ill. 486; McGinnis v. Gale, 36 Ill. App. 317; Downey v. Hopkins, 43 Ill. App. 542. Finding no error, the judgment is affirmed.

*Affirmed.*