540    APPELLATE COURTS OF ILLINOIS.

Kinloch Long Dist. Tel. Co. v. Alton G. & E. Co., 210 Ill. App. 540.

## Kinloch Long Distance Telephone Company of Missouri, Appellee, v. Alton Gas & Electric Company et al., Appellants.

1. TRIAL, § 192*—*when error to refuse to direct verdict for defendant.* Where there is no evidence which, taken with all the inferences reasonably to be drawn therefrom, fairly tends to prove a defendant guilty of the negligence charged, it is error to refuse to direct a verdict of not guilty.

2. APPEAL AND ERROR, § 1793*—*when judgment reversed as to all defendants.* In a negligence action, if the judgment is reversed as to one defendant it must be reversed as to all, since the verdict and judgment are a unit.

3. TRIAL, § 195*—*when not error to refuse peremptory instruction to find issues for defendant.* Where there is evidence fairly tending to prove the cause of action charged, it is not error to refuse a peremptory instruction to find the issues for defendant.

4. NEGLIGENCE, § 223*—*when instruction on proximate cause should be amplified.* In an action for personal injuries, an instruction "that by the term 'proximate cause' is meant the real actual cause," while technically correct, is not calculated to enlighten the jury in reference to the meaning to be given by them to the term "proximate cause," and should be amplified in regard thereto.

5. INSTRUCTIONS, § 151*—*when properly refused.* It is not error to refuse an instruction covered in the main charge.

Appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed April 5, 1918.

WILLIAMSON, BURROUGHS & RYDER, for appellants.

BURTON & BURTON, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

An action in case brought in the Circuit Court of Madison county by appellee, Kinloch Long Distance

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Telephone Company, against the Alton Gas & Electric Company, Alton, Granite & St. Louis Traction Company and East St. Louis & Suburban Railway Company, appellants, resulted in a verdict and judgment in favor of appellee for $655. To reverse said judgment appellants prosecute this appeal. For convenience we shall hereafter refer to appellants as the Electric Company, the Traction Company and the Railway Company, respectively.

The declaration consists of two counts, in each of which it is alleged that appellee, on July 20, 1914, was using and operating certain poles, wires and appurtenances on College avenue, in the City of Alton, and that one Baker was in the employ of appellee as lineman; that appellee and Baker were operating under the Workmen's Compensation Act; that Baker climbed a pole, belonging to appellee, on said College avenue, and while so doing, and while in the exercise of due care for his own safety, came in contact with a primary and secondary wire, alleged to be in the use and control of appellants, and charged with electricity, his hand touching the primary wire and his hip the secondary wire; that said wires were uninsulated at the respective points of contact and that such defective condition was known or should have been known to appellants; that by reason of said improper and defective insulation an electric current passed through the body of Baker, greatly injuring him, burning his index finger, and throwing him to the ground. Said declaration further avers that by reason thereof appellee became liable for and paid out under the Compensation Act to the said Baker the sum of $455 compensation and $200 for hospital and medical services.

Said declaration further alleges that the injuries to Baker were not the proximate result of negligence on the part of appellee or its employees, but were caused by the negligence of appellants; that they and each of them had, prior to the time of the injury,

542 APPELLATE COURTS OF ILLINOIS.

Kinloch Long Dist. Tel. Co. v. Alton G. & E. Co., 210 Ill. App. 540.

elected to be bound by the provisions of the Workmen's Compensation Act, and that appellants are liable to appellee for the money so expended, with interest, etc.

The second count is, in substance, the same as the first except that it charges the wires to have been the property of the Electric Company, and that they were fastened to a pole of the Traction and Railway Companies east of the pole on which Baker was when hurt, and to the pole of the Electric Company west of the pole on which he was hurt; that such wires were so placed that they were loose and close against the Kinloch pole, and that the pole of the Traction Company and the Railway Company was leaning about 2 feet at the top towards the street, causing one of said wires to be near and rub against the Kinloch pole upon which Baker was working.

The pleas consisted of the general issue by each of appellants, separately pleaded, and, in addition thereto, the Traction Company and the Railway Company filed separate pleas denying that the poles, wires, electric current, etc., mentioned in the declaration were their property.

Appellee's declaration is based upon the provisions of section 29 of the Workmen's Compensation Act [Callaghan's 1916 St. Supp. ¶ 5475(29)] which, in effect, provides that where an employer is required to pay out money for an injury to an employee, such injury not resulting from the negligence of the employer or his servants, and happening under such circumstances as to create a legal liability in some third party, that the employer would be subrogated to his employee's right of action against such party for the purpose of recovering such money as the employer is required to pay out on account of such injury.

The Kinloch Company operated a telephone system with a 30-foot pole line extending east and west along the south side of College avenue. On the same side

of College avenue were electric light wires, which had been erected before said telephone line. The poles of appellee Telephone Company were placed in such a manner as to "split the lead," that is, there were electric light wires on each side of the Kinloch poles. The light wires were on poles. some 5 feet shorter than those of appellee company.

The record discloses that Baker went up a pole of the Telephone Company, located some 40 to 60 feet east of Clawson avenue, by means of iron steps projecting from each side thereof. On either side of this pole, which was about 8 inches in diameter, were primary wires carrying a voltage of 2,200, and below them were secondary wires carrying a voltage of 110. These wires were not supported on cross arms on the Kinloch pole, but were supported on cross arms at poles east and west of the Kinloch pole. The evidence further shows that one, and perhaps both, of the poles on either side of the Kinloch pole were leaning, and that one of the primary wires on the south side of the Kinloch pole was on one of the steps on said telephone pole and the insulation was worn away from the same; also the insulation was off of the secondary wire just below said primary wire.

When Baker went up the pole his right hand came in contact with either the primary wire or the step on which it rested, and the lower portion of his body against the secondary wire, thereby causing him to receive an electric shock. The lineman on the pole west of Baker lifted the primary wire, releasing Baker, and he fell to the ground. Baker was disabled for a considerable length of time and appellee being under the Compensation Act paid him $455 compensation with $200 for hospital and medical services.

At the close of appellee's evidence, and again at the close of all the evidence, separate motions and instructions were offered by appellants requesting the court to instruct the jury to find appellants severally not

544 APPELLATE COURTS OF ILLINOIS.

Kinloch Long Dist. Tel. Co. v. Alton G. & E. Co., 210 Ill. App. 540.

guilty, all of which motions and instructions were denied, and the ruling of the court thereon is assigned as error.

There is no evidence in the record which taken with all of the inferences reasonably to be drawn therefrom proves or fairly tends to prove appellant, East St. Louis & Suburban Railway Company, guilty of the negligence charged in appellee's declaration. A separate plea was filed by said Railway Company, denying the ownership, possession or control of the electric wires, poles and current mentioned in the declaration, thereby directly raising that issue.

The court therefore erred in refusing to direct a verdict of not guilty as to appellant, East St. Louis & Suburban Railway Company. As the verdict and judgment is a unit, if it is reversed as to one defendant it must be reversed as to all. *Jansen v. Varnum,* 89 Ill. 101; *Seymour v. O. S. Richardson Fueling Co.,* 205 Ill. 77; *Patterson v. Standley,* 91 Ill. App. 672; *Cummings v. Smith,* 114 Ill. App. 35.

This rule obtains with reference to verdicts and judgments in tort actions as well as upon contracts. The judgment is a unit as to all of the defendants against whom it is rendered and cannot be reversed as to one or more of them and affirmed as to one. *Claflin v. Dunne,* 129 Ill. 241; *West Chicago St. R. Co. v. Morrison, Adams & Allen Co.,* 160 Ill. 295.

In *West Chicago St. R. Co. v. Morrison, Adams & Allen Co.,* the court at page 295 says: "It is also a rule applicable to trespass, as well as to all other actions at law, either for torts or upon contracts, that the judgment is a unit as to all of the defendants against whom it has been rendered, and cannot be reversed as to one or more of them and affirmed as to the others, but if erroneous as to one is erroneous as to all." Citing 1 Chitty's Pleading 86; *McDonald v. Wilkie,* 13 Ill. 22; *Jansen v. Varnum,* 89 Ill. 100; *Ragor v. Kendall,* 70 Ill. 95; *Claflin v. Dunne,* 129 Ill. 241.

We are of the opinion, however, that as to appellants, Alton Gas & Electric Company and Alton, Granite & St. Louis Traction Company, the court did not err in refusing to direct a verdict of not guilty. It has been repeatedly held by the Supreme Court as well as by the Appellate Courts of this State that where there is evidence in the record fairly tending to prove the cause of action charged, it is not error to refuse a peremptory instruction to find the issues for the defendant. *National Syrup Co. v. Carlson,* 155 Ill. 210; *Illinois Steel Co. v. Schymanowski,* 162 Ill. 453; *Chicago Drop Forge & Foundry Co. v. Van Dam,* 149 Ill. 337.

As there will have to be another trial of this case it will be proper for us to pass on the objection made by appellants to the rulings of the court on the instructions.

It is contended by appellants that the court erred in giving the first instruction on behalf of appellee. This instruction is as follows: ''The court instructs the jury that by the term 'proximate cause' is meant the real actual cause.'' This instruction, in our judgment, while technically correct was not calculated to enlighten the jury in reference to the meaning to be given by them to the term ''proximate cause'' and should have been amplified in regard thereto and said instruction should not have been given, in its present form.

It is next contended that the court erred in giving the fifth instruction given on behalf of appellee. In our judgment the objection to this instruction is well taken for the reason it, in effect, directs a verdict in favor of appellee without requiring the jury to find from a preponderance of the evidence the necessary facts to warrant such verdict.

It is also insisted by appellants that the court erred in refusing the sixth refused instruction tendered on their behalf. While this instruction, in our judgment, states a correct principle of law, at the same time said

instruction so far as proper was, in effect, covered by other instructions tendered by appellants and which were given by the court.

It is also contended that the seventh instruction tendered by appellants and refused by the court should have been given. We do not think the court erred in refusing to give this instruction for the reason that the evidence in the record did not warrant the giving of the same.

It is also contended that the court erred in its rulings on the evidence. While, in our judgment, there is some basis for this criticism, at the same time the errors complained of were not of a serious character and on another trial will in all probability be obviated. We therefore deem it unnecessary to go into a discussion of the rulings of the court on the evidence.

For the reasons above set forth, said judgment is reversed and said cause is remanded.

*Reversed and remanded.*