**Ernest J. Batten, Plaintiff in Error, v. C. F. Hurburgh, Defendant in Error.**

**Gen. No. 33,696.**

Opinion filed January 6, 1930.   Rehearing denied January 20, 1930.

· ERNEST J. BATTEN, *Pro Se;* HAROLD O. MULKS, of counsel.

ALTHEIMER & MAYER, for defendant in error; LEO L. WEIL and SYLVAN S. ROSENBAUM, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

In an action of replevin tried by the court, plaintiff was defeated and asks that the judgment be reversed.

May 4, 1929, plaintiff filed his affidavit for replevin alleging ownership and that he was entitled to the possession of certain goods and chattels consisting of notes, trust deeds, leases, etc., of the value of $13,000. The writ was duly executed and served by seizing the property in question.  Plaintiff's declaration was filed May 20 and the appearance of the defendant was filed the same day.  June 17, defendant filed his plea setting forth certain facts and claiming that the service of the writ of replevin was procured by a fraudulent

trick and abuse of process, wherefore defendant prayed judgment if the court will take cognizance of the action. (We disregard the obvious typographical errors.) To this plea plaintiff filed a general and special demurrer, which was overruled. In consideration of the plea of defendant, it was ordered that the replevin suit be dismissed at plaintiff's cost and the writ of *retorno habendo* issue for the property taken under the writ.

Defendant's plea alleged that on April 17, 1929, the plaintiff, Ernest J. Batten, an attorney at law and member of the Chicago Bar, filed in the superior court of Cook county his bill of complaint against this defendant and the Chicago Title and Trust Company, as trustee, said cause being duly entitled in the names of the parties and given the general number 496376; that summons was duly issued by the clerk of the superior court on the filing of the bill and delivered to the sheriff of Cook county by the plaintiff with instructions to the sheriff not to serve the defendants therein named; that during the pendency of said bill in the superior court and on May 3, 1929, plaintiff personally served defendant with a subpoena *duces tecum* issued by a notary public in and for Cook county, notifying and commanding this defendant to appear before said notary public at her office, 1410 Ashland block, Chicago, on Friday, May 3, 1929, and to bring with him certain collateral securities enumerated and set forth in said subpoena *duces tecum,* said subpoena reciting that said deposition was to be taken concerning the suit then pending and undetermined in the superior court, where Batten was complainant and this defendant and the Chicago Title and Trust Company were defendants; that the bill of complaint filed in the superior court asked for an accounting from this defendant in regard to a certain note made by said Batten, held by this defendant, and also in regard to

certain securities which this defendant held as collateral for the payment of said note, and the collateral securities so held were set out in detail in said bill in the superior court and were the identical securities mentioned in the subpoena *duces tecum* and are the identical securities replevied from this defendant in this action; that in obedience to said subpoena this defendant did on May 4 appear before said notary public with all of said securities and on said date, while the testimony of defendant was being taken before the notary public in the cause then pending in the superior court, the said Batten caused the writ of replevin in this case to be served on this defendant and caused all of the securities possessed by this defendant to be taken under and by virtue of said writ of replevin, and they were so taken by the sheriff and delivered to plaintiff; that defendant was never served with summons in the superior court proceeding; that the same deputy sheriff, to whom the chancery summons was given, served this defendant with the writ of replevin and took from this defendant the securities, and on May 9, said deputy sheriff returned the chancery summons with an indorsement that the defendant could not be found in this county; that on May 6, 1929, said Batten appeared before the chancellor in the superior court and moved that the bill of complaint be dismissed without prejudice, said order reciting that no service had been had on the defendants named in the bill; that at the time of the service on this defendant of the writ of replevin, the superior court had, by virtue of the filing of the bill aforesaid, jurisdiction of the complainant and of the subject-matter of said bill of complaint, to wit, the securities replevied from this defendant; that the filing of said bill and the procuring and service of the notary's subpoena *duces tecum* was a false, fraudulent trick and device of said plaintiff to cause this defendant to bring said securities where

they could be levied upon and taken from this defendant by a writ of replevin; that the filing of said bill and the issuing of the subpoena and the levying of the writ of replevin constitute an abuse of process and were frauds upon the superior court and on this court and on this defendant.

Plaintiff first criticises the plea with reference to its form and cites authorities to the effect that whether a plea is one in abatement or in bar is determined not from the subject-matter of the plea but from its conclusions that the instant plea is a hybrid combination of both, unknown to the law, and therefore a nullity and wholly insufficient. We may concede that counsel has correctly stated the law as found in many decisions as to the difference between a plea in bar and a plea in abatement. *Pitts' Sons Mfg. Co. v. Commercial Nat. Bank,* 121 Ill. 582. The instant plea, however, challenges the jurisdiction of the court to determine the cause and has substantially the prayer of such a plea as given in Puterbaugh on Common Law Pleading, 10th Ed., p. 90, and cases there cited. Such a conclusion to such a plea has also been approved in *Goldberg v. Harney,* 122 Ill. App. 106; *Drake v. Drake,* 83 Ill. 526.

The record presents the question whether, while a cause is pending in chancery, a replevin suit may be subsequently commenced and the writ served by seizing the identical chattels which are the subject-matter of the chancery proceeding, and produced in obedience to a subpoena *duces tecum* in that proceeding. We are referred to no decided cases and we find none exactly in point.

It is the rule that, when the jurisdictions of law and equity are concurrent, the one which first takes actual cognizance of the controversy, ordinarily thereby has exclusive jurisdiction. Pomeroy on Equity Jurisdiction, 3rd Ed., sec. 179. As a matter of con-

venience, if not of necessity, when chattels which are the subject of controversy are produced in court in compliance with a subpoena, they should be immune to seizure in an action subsequently commenced. The confusion which would arise from any other rule would be interminable. Actions would be brought as apparently was done here, simply for the purpose of compelling by a subpoena *duces tecum* the production of chattels so that they might be seized under some writ issued in a subsequent case. This would invite a conflict between courts of concurrent jurisdiction to be determined by the stronger arm and not by law. The rule that the court which first obtains jurisdiction shall retain the same is salutary and wise, and the present instance calls for its application.

By section 6, Cahill's St. ch. 110, ¶ 6, Practice Act, it is not lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found, and it has been held that, where service in some other county than where one resides is obtained by some fraud, artifice or trick, such service is void. *Beatty v. Monahan,* 240 Ill. App. 240, and cases there cited. In *McNab v. Bennett,* 66 Ill. 157, it is said that, if one voluntarily leaves his residence and goes into another county, he is not exempt from the service of civil process, but if he is arrested by false and fraudulent pretense or by abduction for the sole purpose of obtaining service in a civil suit, it would be a base and utter perversion of the object of the law to permit him to be served with process while there. See also *Willard v. Zehr,* 215 Ill. 148.

By analogy the same rule should be applied here. The instant plea sets up facts from which it is apparent that the summoning of the defendant to testify before a notary public in the chancery proceeding and the command to produce the notes and chattels in question were not for an honest purpose relating to any issue in the chancery proceeding, but were a pre-

tense and subterfuge for the purpose of subjecting such chattels to immediate seizure under the replevin writ. Courts should not countenance such practice.

The conclusion of the trial court was in accord with justice and is affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.