ALEXANDER F. REID *vs.* MARY A. C. HOLMES, administratrix.

Suffolk.    March 11, 1878. — Sept. 2, 1879.    COLT & SOULE, JJ., absent.

The entry of judgment in an action by A. against B., by a court having jurisdiction of the subject-matter and of the parties, after the death of B. upon a default by him in his lifetime, without knowledge of his death, will not avoid the judgment, if otherwise valid; and such judgment is pleadable in bar of a suit for the same cause of action by A. against the administrator of B.; and a memorandum by A.'s attorney on the execution issued on the former judgment, upon the return of the execution to the files of the court, that no service of the execution had been made and that the execution was inoperative and void, is no part of the record, and is inadmissible in A.'s favor to impeach the former judgment.

CONTRACT against the administratrix of David W. Holmes for goods sold and delivered to the intestate. Writ dated Sep-

tember 12, 1876. Answer: 1. A general denial. 2. A former judgment for the same cause in an action brought by the plaintiff against the intestate. The case was submitted to the decision of the Superior Court, and, after judgment for the plaintiff, to this court on appeal, upon the following facts:

The debt sued on was due to the plaintiff from the intestate. On April 3, 1874, a writ for the same cause of action was sued out by the plaintiff against the intestate from the Municipal Court of the city of Boston, a court having jurisdiction of the parties and the subject-matter, and was duly served on him, and returned and entered on April 11 in that court. On April 14, the defendant was legally defaulted, and the action was continued by the court for further proceedings therein. On December 3, on motion of the plaintiff, final judgment was entered up in that case against the defendant for the amount claimed in the declaration, and on December 4, 1874, execution for said amount and costs was issued in due course. The intestate died October 3, 1874. His death was not known to the plaintiff or his attorney until after the issue of the execution, and was not suggested in that court until May 1877, when the execution, which had never been put in an officer's hands, was returned and filed, with a suggestion of the death and an indorsement by the plaintiff's attorney that no service of the execution had been made, and that the execution was inoperative and void. The administratrix was not summoned to appear in the Municipal Court, nor did she appear there, nor know of the suit in that court until long after the death of the intestate.

If upon the above facts, so far as they were competent, the plaintiff was entitled to maintain this action, judgment was to be entered for him for $118.82, and interest; otherwise, judgment for the defendant.

*W. S. Macfarlane*, for the plaintiff.

*E. W. Sanborn*, for the defendant.

GRAY, C. J. There is nothing in the record of the former judgment to show that it is invalid. The memorandum of the plaintiff's attorney on the execution was made after the judgment, is no part of the record, and is inadmissible in the plaintiff's favor to impeach a judgment valid upon its face.

If the fact, agreed in the case stated, of the death of the de-

fendant after the default and before the judgment, is competent to be considered, it does not show that the judgment is absolutely void. The court, at the time of the bringing of the former action, had jurisdiction of the subject-matter and of the parties, and might, after the death of the defendant, have rendered judgment against him as of a previous term. *Kelley* v. *Riley*, 106 Mass. 339, 341. *Tapley* v. *Martin*, 116 Mass. 275. *Tapley* v. *Goodsell*, 122 Mass. 176, 181. Or the judgment actually entered might, on motion of the plaintiff, have been amended so as to stand as a judgment *nunc pro tunc*, or have been vacated and the administratrix summoned in to defend the action. *Stickney* v. *Davis*, 17 Pick. 169.

Even if (which it is unnecessary to determine) that judgment might have been reversed by writ of error for error in fact, yet the error being a mere irregularity in the mode of exercising a judicial authority vested in the Municipal Court, it would seem that neither party could collaterally dispute the validity of the judgment; and certainly the plaintiff, who has converted his demand into the form of a judgment, valid upon its face, and which the defendant has made no attempt to set aside or avoid, but has asserted the validity of by pleading it in bar, cannot treat it as of no effect by reason of the irregularity of the entry of judgment after the defendant's death on the default suffered by him in his lifetime, and bring a new suit on the original cause of action. *Hendrick* v. *Whittemore*, 105 Mass. 23. *Henderson* v. *Staniford*, 105 Mass. 504. *Penhallow* v. *Doane*, 3 Dall. 54, 101, 117. *Warder* v. *Tainter*, 4 Watts, 270. *Yaple* v. *Titus*, 41 Penn. St. 195, 203. *Evans* v. *Spurgin*, 6 Gratt. 107.

In a similar case Chief Justice Tindal said that while the judgment was suffered to exist on the rolls of the court, without any application to set it aside, it could only be treated as a valid judgment; and that if any application were made it should have been to the court in which the judgment was rendered, which had power to amend the proceedings in order to obviate the alleged irregularity. *Bridges* v. *Smyth*, 1 Mo. & Sc. 93, 99; *S. C.* 8 Bing. 29, 32.

The case is wholly different from that of a judgment rendered in an action originally brought against a person already dead, or of a decree granting administration on the estate of a living per-

son ; for in each of those cases the court never acquired jurisdiction of the cause. *Loring* v. *Folger*, 7 Gray, 505. *Jochumsen* **v.** *Suffolk Savings Bank*, 3 Allen, 87, 95. In *Hildreth* v. *Thompson*, 16 Mass. 191, the point adjudged was that, where the tenant in a writ of dower died after judgment for the demandant, execution for seisin could not issue ; and the *dictum*, that, if either party to an action dies before judgment, no judgment can be entered was unnecessary to the decision, and is controlled by the author· ities already cited. In *Morse* v. *Toppan*, 3 Gray, 411, the judg ment which was held void was against a married woman alone, in an action brought against her upon a contract made by her during coverture, while she was incapable by law of contracting or being sued ; no argument was submitted for the plaintiff ; and in the only case cited by the court the judgment was set aside on motion. *Faithorne* v. *Blaquire*, 6 M. & S. 73.

The result is, that the former judgment was pleadable in bar of this action, and therefore· the judgment of the Superior Court must be reversed, and there must be

*Judgment for the defendant.*