Syllabus.

JOHN CLAFLIN, Exr., *et al.*

*v.*

EDWARD F. DUNNE.

*Filed at Ottawa June 15, 1889.*

1. DEATH OF DEFENDANT—*pending suit—judgment afterward—void or voidable.* If jurisdiction be obtained of the person of a defendant in his lifetime, by service of process or appearance, a judgment against him after his death is not void, but only voidable. And while such a judgment can not be attacked collaterally, it may be reversed on error, if the fact of the defendant's death appears from the record; if not, the judgment may be vacated, upon motion, in the court where it was rendered.

2. SAME—*former decision.* In *Life Association* v. *Fassett,* 102 Ill. 315, the question was not before this court whether a judgment against a defendant, rendered after his death, was void or voidable, and so much of the opinion as holds it void is *obiter dictum,* and binding on no one.

3. SAME—*remedy to set aside such judgment.* The rendering of judgment against a deceased defendant after plea filed is an error in fact, which, by section 67 of the Practice act, may be reached and corrected, upon motion, at any time within five years. A motion in the trial court to vacate such a judgment is a direct proceeding, and calls in question its legality, and it is error to refuse such motion when it is made to appear that the defendant was dead when the judgment was rendered.

4. JUDGMENT—*against several—vacated as to one, must be as to all.* Where one of the defendants in a suit has died before the trial and entry of judgment for the plaintiff, if the judgment be vacated as to the deceased defendant it must be as to all the defendants. A judgment for money against several is a unit as to all, and if erroneous as to one it is erroneous as to all.

5. APPEAL—*what matters to be considered.* On appeal from the Appellate Court, an amended or additional record not before that court can not be considered. This court acts upon the record which was before the Appellate Court, and that alone.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

129 241
137 348
129 241
160 295
129 241
60a 577
62a 151
129 241
65a 70
129 241
71a 612
129 241
75a 189
129 241
78a 488
129 241
80a 247
129 241
83a 638
83a 643
129 241
187 1459
d187 1462
91a 1130
91a 2410
129 241
f92a 4156
f92a 4514
129 241
96a 4 34
129 241
100a 1128
129 241
104a 4101
129 241
205 4 83
129 241
208 5 77
129 241
111a 1540
129 241
114a 4 36

242       CLAFLIN *et al.* *v.* DUNNE.

Statement of the case.    Brief for the Appellants.

On the 20th day of January, 1887, appellee, Edward F. Dunne, recovered a judgment in an action of assumpsit, in the Superior Court of Cook county, against Horace B. Claflin, Edward C. Eames, Horace J. Fairchild, William S. Dunne, Dexter N. Force, Daniel Robinson and John Claflin, for the sum of $2500. On the 22d day of May, 1888, John Claflin, as executor of the estate of Horace B. Claflin, filed a motion to set aside and vacate the judgment, on the ground that Horace B. was dead at the time the judgment was rendered. On the same day a like motion was entered by all the other defendants. The court overruled the motions so entered, and the judgment, on appeal, was affirmed in the Appellate Court. The action which resulted in the judgment sought to be vacated was brought on the first day of March, 1884, the declaration containing the common counts. On the 13th day of March, 1884, the defendants, and each of them, by counsel, filed a plea of non-assumpsit. No trial was, however, had until January 20, 1887, when, by agreement of counsel representing the plaintiff and defendants, a jury was waived, and the issues were tried before the court, resulting in a judgment for plaintiff, as above stated. On the application to vacate the judgment, it was proven, by affidavits and by an exemplified copy of the will of Horace B. Claflin, and probate thereof, that he died on the 14th day of November, 1885.

Messrs. KRAUS, MAYER & STEIN, for the appellants:

The fact that H. B. Claflin was dead at the time the case was tried and judgment rendered, renders it invalid and erroneous as to him. Rev. Stat. 1874, chap. 1, sec. 12; 2 Tidd's Pr. *1137; Freeman on Judgments, sec. 153; *Life Association* v. *Fassett*, 102 Ill. 315; *Brown* v. *Parker*, 15 id. 308; *Griswold* v. *Stewart*, 4 Cow. 457; *Colson* v. *Wade*, 1 Murphy, 42; *Morrison* v. *Deaderick*, 10 Humph. 342; *Tedie* v. *Dill*, 3 Kelly, 104; *Burke* v. *Stokely*, 65 N. C. 569; *Kelly* v. *Hooper*, 3 Yerg. 395; *Carter* v. *Carriger*, id. 411; *McCreery* v. *Everding*, 44

Cal. 284; *Railroad Co.* v. *Bozworth,* 8 La. Ann. 80; *Hood* v. *Branch Bank,* 9 Ala. 335; *Hill* v. *West,* 1 Binn. 486; *Hooc* v. *Barber,* 4 H. & M. 439; *Sturges* v. *Vanderbilt,* 73 N. Y. 384; *Swazey* v. *Antram,* 24 Ohio St. 87; *Hamilton* v. *Holcomb,* 1 Johns. Cas. 29; *Tarleton* v. *Cox,* 43 Miss. 430; *Richards* v. *Walton,* 12 Johns. 434; *Young* v. *Pickens,* 45 Miss. 553; *Case* v. *Rivelin,* 1 J. J. Marsh. 29; *Moke* v. *Brackett,* 28 Texas, 154; *Mills* v. *Alexander,* 21 id. 154; *Collins* v. *Mitchell,* 5 Fla. 372; *Yaple* v. *Titus,* 41 Pa. St. 105; *Hayes* v. *Shaw,* 20 Minn. 405; *Collins* v. *Knight,* 3 Tenn. Ch. 183; *McCulloch* v. *Norwood,* 58 N. Y. 562; *Morton* v. *Jamison,* 23 La. Ann. 102.

The judgment is an entirety, and if erroneous and invalid as to Horace B. Claflin, deceased, should be reversed *in toto.* *Jansen* v. *Varnum,* 89 Ill. 100; *Williams* v. *Chalfant,* 82 id. 218; *Earp* v. *Lee,* 71 id. 197; *Goit* v. *Joyce,* 61 id. 489; *Mack* v. *Brown,* 73 id. 295; *Ragor* v. *Kendall,* 70 id. 95; *Smith* v. *Byrd,* 2 Gilm. 412; *Rees* v. *City,* 38 Ill. 322; *Enos* v. *Capps,* 12 id. 255; *Brockman* v. *McDonald,* 16 id. 112; *McDonald* v. *Wilkie,* 13 id. 22; *Rider* v. *Alleyne,* 2 Scam. 474; *Cruikshank* v. *Gardner,* 2 Hill, 333; *Holbrook* v. *Murray,* 5 Wend. 161; *Camp* v. *Barnett,* 16 id. 49; *Sheldon* v. *Quinlen,* 5 Hill, 441; *Harman* v. *Brotherson,* 1 Denio, 537; *Mackay* v. *Gordon,* 34 N. J. L. 286; *Hall* v. *Williams,* 6 Pick. 246; *Morrow* v. *Langan,* 16 Bradw. 507; *Tetzner* v. *Naughton,* 12 id. 160; *Dally* v. *Young,* 3 id. 39.

Mr. JOHN MAYNARD HARLAN, and Messrs. SMITH & PENCE, for the appellee:

A judgment against a dead man, over whom, during his lifetime, the court had acquired jurisdiction, is not void, but at most only voidable. Freeman on Judgments, secs. 140, 153; *Danforth* v. *Danforth,* 111 Ill. 236; *Stoetzell* v. *Fullerton,* 44 id. 112; *Hayes* v. *Shaw,* 20 Minn. 405; *Collins* v. *Knight,* 3 Tenn. Ch. 183; *Coleman* v. *McAnulty,* 16 Mo. 173; *Spaulding* v. *Wathen,* 7 Bush, 659; *Warder* v. *Tainter,* 4 Watts, 278;

*Ames* v. *Webbers,* 10 Wend. 576; *Lopez* v. *De Tasel,* 8 Taunt. 712; Cooley's Const. Lim. (5th ed.) 408, 409. ·

A judgment against a dead man, over whom the court's jurisdiction had become complete during his life, being voidable, only, the person at whose instance it is voidable must be able to show good faith, diligence, and reasons why it would be inequitable, as against him, to permit the judgment to remain in force. Cooley's Const. Lim. (4th ed.) 408, 409; Herman on Estoppel, secs. 821, 823; *Camp* v. *Mosely,* 2 Fla. 171; *Canal Co.* v. *Hathaway,* 8 Wend. 483; *Marine Bank* v. *Fulton Bank,* 2 Wall. 252; *Fort* v. *Monroe,* 20 Wend. 210; *Holbrook* v. *Wight,* 24 id. 169; *Jencks* v. *Smith,* 1 Cow. 94; 2 Saunder's Pl. and Ev. 55; *Littech* v. *Mitchell,* 73 Ill. 603; *Stock Yards* v. *Himrod,* 88 id. 38.

The judgment against the partners composing the firm of H. B. Claflin & Co. is joint and several. Therefore, even if the judgment be set aside as to H. B. Claflin because of his death before judgment, it can and should be upheld as to the other defendants. *Ladd* v. *Griswold,* 4 Gilm. 25; *Mason* v. *Tiffany,* 45 Ill. 393; *Silverman* v. *Chase,* 90 id. 37; *Cassaday* v. *Trustees of Schools,* 105 id. 561; *Doggett* v. *Dill,* 108 id. 560; Collyer on Partnership, sec. 580; Lindley on Partnership, 1053; *Childs* v. *Hyde,* 10 Iowa, 296; *Hood* v. *Branch Bank,* 9 Ala. 335; *Hill* v. *West,* 1 Binn. 486; *Hamilton* v. *Holcombe,* 1 Johns. Cas. 729; *Hooc* v. *Barber,* 4 H. & M. 439; *O'Brien* v. *People,* 41 Ill. 456; *Kennedy* v. *Evans,* 31 id. 259; *Murphy* v. *Orr,* 32 id. 489.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The first inquiry presented by the record for determination is, whether the judgment rendered against Horace B. Claflin is void, or is it voidable, only. It will be observed that this is not a case, in its facts, where the action was instituted against a dead person, and a judgment followed. In such a case it may be conceded that the judgment would be void, on the

ground that the court never acquired jurisdiction of the person of the defendant; but this case stands upon a different basis, and must be decided upon different grounds. Here the action was commenced while Claflin was alive. He appeared in court and pleaded to the action. The court thus had jurisdiction of the subject matter and of the person, and the question arises, whether, after the filing of the plea, the death of Claflin, without notice of the death being brought to the attention of the court, deprived the court of jurisdiction to render a judgment in the cause. The question is one not free from difficulty, and one, too, upon which the authorities are not harmonious. Freeman on Judgments, (sec. 140,) says: "If jurisdiction be obtained over the defendant in his lifetime, a judgment rendered against him subsequently to his death is not void." In section 153 the author says: "Judgments for or against deceased persons are not generally regarded as void on that account, * * * and while the court ought to cease to exercise its jurisdiction over a party when he dies, its failure to do so is an error to be corrected on appeal, if the fact of the death appears upon the record, or by writ of error *coram nobis*, if the fact must be shown *aliunde*." The same doctrine has been announced by the Supreme Court of Pennsylvania. (*Warder* v. *Tainter*, 4 Watts, 278; *Yople* v. *Titus*, 41 Pa. St. 203.) In the last case it is said: "Now it would seem to be well established, that in civil proceedings against a person, his death does not so completely take away the jurisdiction of a court which has once attached, as to render void a judgment subsequently given against him. The judgment is reversible on error if the fact and time of death appear in the record, or in *coram nobis*, if the fact must be shown *aliunde;* but it is not void." See, also, *Coleman* v. *McAnulty*, 16 Mo. 173; *Spalding* v. *Wathen*, 7 Bush, 662; *Reed* v. *Holmes*, 127 Mass. 326; *Swasey* v. *Autram*, 24 Ohio St. 87.·

Whether a judgment rendered against a deceased person after he had pleaded to the action, like the one in question,

is void or voidable, is a question which has never been directly presented to this court. Similar questions have, however, been passed upon by this court. In *Camden* v. *Robertson*, 2 Scam. 508, an action of debt was brought in the name of two plaintiffs. On the trial of the cause the circuit court allowed the defendant to prove that one of the plaintiffs was dead before the action was brought. On appeal, it was held that the evidence was inadmissible. It is there said: "If one of the plaintiffs had died before the commencement of the suit, that fact was no bar to the action, and could only be available to the defendant by pleading in abatement."

In *Stoetzell* v. *Fullerton*, 44 Ill. 108, where one of the plaintiffs had died pending an action of assumpsit, it was claimed that the judgment, execution issued thereon, and sale under the execution, were void, and might be attacked in a collateral proceeding; but the court held otherwise. It is there said: "The death of Church pending the suit was a fact which might have been pleaded in abatement, but the defendant chose rather to try the cause on its merits. It is very clear that under this plea he could not give in evidence the death of one of the plaintiffs. If this be so, then, surely, he ought not to be allowed to give the fact in evidence in another action, and by that proof nullify the judgment. * * * The error, if it be one, was an error of fact, which could only be corrected by a writ of error *coram nobis.*"

In *Danforth* v. *Danforth*, 111 Ill. 236, where the defendant died after the cause had been taken under advisement, and a judgment reversing the judgment of the Appellate Court was subsequently entered, on application, the judgment was allowed to be entered as of the date when the cause was submitted. The judgment of reversal, the defendant being dead, was held to be irregular, but not void. It is there said: "Where the sole defendant is dead when the suit * * * is brought, it may be true that a judgment against the deceased defendant is a nullity, for the reason that the court never acquired juris-

diction of the cause. * * * But that is not the case here. Here the court, before taking any steps, was clothed by the act of the parties and the law with full jurisdiction and rightful authority to render the judgment it did. Did the death of appellee, not brought to the notice of the court by plea, suggestion or otherwise, deprive it of such jurisdiction, lawfully acquired? We think not."

While these cases do not, in terms, decide the question here involved, yet the plain inference to be drawn from all of them is, that a judgment like the one in question, rendered against a deceased person, is not void. Reference has, however, been made to *Life Association of America* v. *Fassett,* 102 Ill. 315, as a case holding that a judgment against a deceased person is void. It is said in that case, in plain language, that a judgment rendered against a deceased person is void; but upon an examination of the facts there involved, it will be found that no such question was presented in that record. Whether a judgment against a deceased person was void or voidable, did not arise in that case, and whatever may have been said upon that branch of the case is *obiter dictum,* and binding upon no one. As said before, there are authorities holding that a judgment rendered against a deceased person is void, but we think the weight of authority and the reason of the rule is, that such a judgment is not void, but voidable. But while a judgment of this character can not be attacked collaterally, it may be reversed on error, if the fact of the defendant's death appears from the record. If not, the judgment may be vacated by motion in the court where the judgment was rendered. It is an error of fact, which may now be reached by motion, but which was formerly reached by writ of error *coram nobis.* Section 67 of the Practice act authorizes the motion to be made at any time within five years after rendition of final judgment. When the motion is made under the statute, the question does not arise collaterally, as is supposed, but the motion to vacate,

like a writ of error in a proper case, is a direct proceeding, and calls in question the legality of the judgment.

We think the judgment was erroneous as to Horace B. Claf-lin, and the Superior Court erred in not vacating it on motion entered for that purpose.

But it is claimed, that although the judgment may be vacated against Horace B. Claflin, it should be sustained as to the other defendants. We do not concur in this view. The judgment is a unit as to all the defendants, and if erroneous as to one, it is erroneous as to all. *Cruikshank* v. *Gardner,* 2 Hill. 333; *Sheldon* v. *Quinlon,* 5 id. 441; *Williams* v. *Chalfant,* 82 Ill. 218; *Jansen* v. *Varnum,* 89 id. 100; *Earp* v. *Lee,* 71 id. 194; *Goit* v. *Joyce,* 61 id. 489; *Tedlie* v. *Dill,* 3 Kelly, (Ga.) 104. The last case cited was an action of assumpsit against several defendants, including one who was dead at the time of the rendition of judgment. It is there said: "A judgment, as being an entire thing, can not be reversed in part and stand good as to the other part, or be reversed as to one party and remain good against the rest."

An amended record has been filed in this court, showing that a motion was made to vacate the judgment on a prior day, and overruled, from which no appeal was taken or writ of error sued out. That record was not before the Appellate Court, and can not be considered here. If the record was defective it ought to have been amended in the Appellate Court. This court acts upon the record which was before the Appellate Court, and that alone.

We think the Superior Court erred in refusing to vacate the judgment, and the judgment of the Superior and Appellate Courts will be reversed, and the cause remanded.

*Judgment reversed.*