## A. A. Neal, W. H. Williams and J. W. Neal v. S. B. Pennington.

1.   STATUTES—*Construction of—Act of 1895.*—Section 5 of the act of June 4, 1895, relating to suits on negotiable instruments (Laws 1895, p. 262) should receive a strict construction, and judgments, to be warranted

Neal v. Pennington.

by it, should be so limited as not to affect the separate property of defendants not served.

2. Judgments—*Under Section 5, Act of 1895.*—A judgment on a negotiable instrument under section 5 of the act of 1895 (Laws 1895, p. 262), must be limited so as not to affect the separate property of defendants not served, and all judgments not within the letter or spirit of the statute must be reversed under the general rule declared in Caflin v. Dunne, 129 Ill. 241, and cases cited on p. 248.

Assumpsit, on a promissory note. Error to the Circuit Court of Cumberland County; the Hon. Silas Z. Landes, Judge, presiding. Heard in this court at the November term, 1895. Reversed and remanded. Opinion filed May 16, 1896.

L. N. Brewer and W. S. Everhart, attorneys for plaintiffs in error.

J. A. Duncan and A. F. Bussard, attorneys for defendant in error.

Mr. Presiding Justice Pleasants delivered the opinion of the Court.

This suit in assumpsit was commenced August 1, 1895, by the defendant in error, against the makers of a promissory note, as follows:

"Diona, August 14, 1893.

One year after date we promise to pay to the order of S. B. Pennington two hundred and twenty-four dollars, at seven per cent interest after maturity, value received.

A. A. Neal,
I. W. Neal,
W. H. Williams."

The return of the summons showed service on A. A. Neal and Williams—the defendant I. W. Neal not found; and no appearance was entered by or for him. The three were defaulted, the damages assessed at an amount exceeding the *ad damnum* by $15.75—and final judgment rendered therefor and for costs, against all by their several names in the usual form. It recites due service of summons on A. A. Neal and W. H. Williams but not upon I. W. Neal nor any

appearance by him. A remittitur of the excess was entered in this court, leaving as the only assignment of error to be noticed the rendition of judgment against I. W. Neal.

Section 5 of the act of June 4, 1895, Laws of 1895, p. 262, is as follows : " In all suits on negotiable instruments where any of the defendants are jointly liable, and only one or more, but not all of them, have been served with summons, if the plaintiff recover, judgment shall be entered in form against all the defendants so jointly liable, but so far only as that it may be enforced against the joint property of all, and the separate property of the defendants served;" which is relied on by appellee as warranting the judgment in this case.

If this section can be sustained as a valid enactment it should at least receive a strict construction. A judgment to be warranted by it, should be so limited as not to affect the separate property of defendants not served.

The judgment here is not so limited, but is in the form applicable to cases in which all the defendants are served, and awards execution generally and simply. In our opinion, therefore, it is not within the letter or spirit of the statute and must be reversed under the general rule declared in Caflin v. Dunne, 129 Ill. 241, and cases cited on p. 248. Reversed and remanded.