ANN E. PYATT, Plaintiff in Error, *vs.* MINNIE D. RILEY *et al.* Defendants in Error.

*Opinion filed October 25, 1911—Rehearing denied Dec. 7, 1911.*

1. JUDICIAL SALES—*mistake in describing judgment in sheriff's deed is not fatal to the sale.* A mistake in the sheriff's deed in describing the amount of the judgment for which the land was sold as $78 when the judgment was, in fact, for $77.70, is not fatal to the sale and does not render the deed void.

2. SAME—*fact that form of attachment judgment is general is not fatal to sale.* The fact that an attachment judgment is rendered against the defendant in person and not against the land does not invalidate the sale, even though service upon the defendant, who was a non-resident, was by publication.

3. SAME—*an attachment sale is not void on collateral attack because special execution was not awarded.* The fact that the judg-

ment in an attachment suit was general in form and did not award a special execution against the land does not render the judgment and sale void on collateral attack.

4. SAME—*when error in attachment judgment does not render it void.* Error in rendering judgment in favor of a partnership for the use of the administrator of the deceased partner, who had purchased the claim after the suit had been begun in the partnership name, does not render the judgment void on collateral attack.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding.

JOHN E. JENNINGS, and F. J. THOMPSON, for plaintiff in error.

E. J. MILLER, for defendants in error.

Mr. JUSTICE HAND delivered the opinion of the court:

On January 29, 1906, one Edward C. Pyatt was the owner of a life estate in 160 acres of land in Moultrie county, which had been devised to him by his father and which was subject to an annual charge of $500 in favor of his mother, Ann E. Pyatt. Pyatt was a non-resident of the State of Illinois, and two attachment suits were commenced against him in the circuit court of Moultrie county,—one in favor of the Plano Manufacturing Company for the sum of $77.70, and one in favor of Spitler & Jennings for the sum of $100. Service was had by publication, and the attachment writs issued in said suits were levied on the interest of Pyatt in said quarter section of land, the writ of the Plano Manufacturing Company being levied upon 140 acres and the writ of Spitler & Jennings being levied upon 20 acres. Afterwards judgments by default were entered against Pyatt in said attachment suits and the interest of Pyatt in said land was sold, and the purchasers at said sales subsequently assigned the certificates of sale to Ann E. Pyatt, and no redemptions having been made from said sales, Ann E. Pyatt took out sheriff's

deeds thereunder and went into possession of the premises. Afterwards, Minnie D. Riley, (formerly Minnie D. Pyatt,) who had a decree for alimony against Edward C. Py- att, rendered by the district court of Chautauqua county, Kansas, commenced an attachment suit in Moultrie county against Pyatt based upon said foreign decree and levied upon said land as the property of Pyatt, and Ann E. Pyatt interpleaded under the statute, claiming title to said land. A trial was had, and it was determined and adjudged that the title of Ann E. Pyatt to the 140 acres derived through the Plano Manufacturing Company sale was void and that the interest of Edward C. Pyatt in that part of the 160 acres was subject to the attachment of Minnie D. Riley. It was further determined and adjudged that the title of Ann E. Pyatt to the 20 acres derived through the Spitler & Jennings sale was valid and that the Minnie D. Riley decree for alimony could not be enforced against the said 20 acres. Ann E. Pyatt has sued out this writ of error to review said judgment so far as it held that she was not the owner of the 140 acres, and has assigned as error the action of the circuit court in holding her title to the life estate of Edward C. Pyatt in said 140-acre tract was void. Minnie D. Riley has assigned cross-errors challenging the action of the circuit court in holding that the title of Ann E. Pyatt to said 20-acre tract was valid.

It is first contended the sale of the 140-acre tract to satisfy the judgment of the Plano Manufacturing Company is void because there is a variance between the judgment and the sheriff's deed, in this: that the judgment in favor of the Plano Manufacturing Company was for $77.70 while the sheriff's deed recited a judgment for $78,—that is, that the deed recited a judgment for thirty cents more than the judgment was rendered for. We think this ob- jection to the title of Ann E. Pyatt to the 140 acres is without force. The amount of the judgment is recited in the sheriff's deed to identify the deed with the judgment

upon which it is based, and the fact that there is a variance of a trifling amount between the judgment and the amount of the judgment recited in the sheriff's deed will not avoid a sheriff's sale and render his deed void. (*Keith v. Keith,* 104 Ill. 397; *Holman* v. *Gill,* 107 id. 467.) In the *Keith case,* on page 400, it was said: "Counsel contend that there is a variance between the decree in evidence and the recitals in the sheriff's deed; that the decree is of the October term, 1872, of the Union circuit court, for 'the sum of $100 during each and every year, commencing on the first day of November, A. D. 1872, payable quarterly, in advance,' while the sheriff's deed recites that 'at the October term, A. D. 1872, of the circuit court in and for the county of Union and State of Illinois, Ada C. Keith recovered a judgment against Bowen Keith for the sum of $175 and costs of suit,' etc. We have held that this is a mere question of identity, and that a mis-recital of the judgment and execution in a sheriff's deed, where they are so described that they may be fully identified, is not fatal. [Citing authorities.] There seems here to have been no trouble in identifying the decree with the recitals in the deed. The word 'judgment' instead of 'decree' was purely a clerical error, and, under all the circumstances, could have misled no one, and the amount for which the execution was issued was the correct amount then due on the decree. The objection is not tenable." In the *Holman case,* on page 476, it was said: "The amount of the judgment, which is usually recited in a sheriff's deed, is but one of the numerous means by which its execution is traceable to the proper source. It is sufficient in all cases if enough appears to clearly and unmistakably show that the deed is made by the officer in his official capacity and in consummation of the legal proceedings upon which it is founded, with such reference to the proceedings themselves as they may be readily found and identified." And the general rule on the subject is thus stated, (17 Cyc. p. 1344):

"The general rule being, that the recital in a sheriff's deed is not a necessary part thereof, and if the deed mis-recites or omits to recite the judgment or execution under which the sale was made, or the sale and proceedings had thereunder, the deed is not invalidated by reason of such omission or mis-recital."

It is next objected (which objection applies to both sales) that the judgments rendered against Edward C. Pyatt are void for the reason that they are general in form and are against Pyatt, when, it is said, they should have been special in form and rendered against the land levied upon, and not against Edward C. Pyatt, as no personal service was had upon Pyatt. It is true, in a limited sense, that an attachment suit is a proceeding *in rem* and not *in personam.* It is not, however, a suit *in rem* against the attached property in the same sense as in admiralty the suit is against a ship sought to be forfeited. A judgment in attachment is in form against the person of the defendant but is to be satisfied only by a sale of the property attached. In *Young* v. *Campbell,* 5 Gilm. 80, Mr. Justice Caton, on page 83 of the opinion, said: "The form of the judgment is the same in an attachment suit as in any other,—and that, too, whether there be a personal service or not; but where there is not such service the award should be only of a special execution." The judgments were in proper form.

It is further contended that the Plano Manufacturing Company judgment is void because it does not award special execution. In *Miere* v. *Brush,* 3 Scam. 21, in which the judgment was general in form and failed to award special execution, the judgment was held to be valid. On page 24 of the opinion it was said: "The plaintiff is entitled to the usual judgment, which is general, for his whole debt, as in cases commenced in the ordinary way. The execution which issues on the judgment is special, being against the property attached, only, and this is directory to the clerk. Should he issue a general execution in such

case, it would be irregular and could be stayed by a judge's order or by injunction. * * * In attachment cases the judgment for the plaintiff is general against the defendant, but the execution is special against the property attached, although for greater certainty and to avoid errors it would be well for the clerk, in such cases, to make the entry of the award of a special execution, and this is the practice generally."

In the Spitler & Jennings suit it was conceded the suit was regularly commenced. Afterwards the firm of Spitler & Jennings was dissolved and Spitler took the claim against Edward C. Pyatt, and the pleadings were amended so that the case stood on the docket in the name of Spitler & Jennings as plaintiff, for the use of Spitler. Spitler died before judgment, and his administrator was substituted as usee and judgment was rendered in the name of Spitler & Jennings for his use, and it is now urged that the judgment, having been rendered in the name of Spitler & Jennings for the use of the administrator, instead of in the name of Jennings, as surviving partner, for the use of the administrator, is void, and hence there is no valid judgment upon which to base the sale of the 20 acres. While it was error to render a judgment in favor of Spitler & Jennings, Spitler having died, the judgment in that form was not void but voidable, only. (*Claflin* v. *Dunne,* 129 Ill. 241.) In Black on Judgments (vol. 1, 2d ed. p. 204,) it is said: "It may also happen that the plaintiff dies during the pendency of the suit and before verdict. In this case, supposing the cause of action to be one which survives, the regular practice is to revive the action in favor of his personal representatives. But if this is omitted and the suit proceeds to judgment in the name of the decedent, it is more reasonable to hold it voidable, only, than to consider it entirely null, for the case cannot be distinguished, in principle, from that of a defendant dying while the action is pending, where, as already shown, (sec. 200,)

the great preponderance of authority sustains the rule that the judgment is at least impervious to collateral attack and must be vacated or reversed by proper proceeding." The attack upon these attachment judgments by Minnie D. Riley is collateral and not direct.

In *Hogue* v. *Corbit,* 156 Ill. 540, in an action of ejectment, a sale of real estate in attachment proceedings was attacked on the ground the affidavit and writ were void. The court, speaking through Mr. Justice Baker, (p. 544,) said: "The affidavit for attachment was very manifestly defective and not in conformity with the requirements of the Attachment act. * * * The validity of the writ depended upon the validity of the affidavit, and the affidavit, it being amendable, was voidable, merely, and not void. (*Bassett* v. *Bratton,* 86 Ill. 152.) The affidavit, the writ and the levy of that writ gave the court jurisdiction over the subject matter of the attachment. A thing that is voidable has force and effect, but in consequence of some inherent quality or defect it is liable, upon proper steps being taken, to be legally annulled or avoided, but the steps to avoid it must be taken by the proper party and by means of a direct attack upon it. Here, Hogue, the appellant, was a stranger to the attachment suit, to the affidavit and the writ that was levied, and to the judgment that the court, with full jurisdiction of both the subject matter and the parties to the litigation, afterwards rendered, and he can not in this collateral action call in question and impeach this writ and affidavit, which are not null and void but endowed with force and vitality. (See *Durham* v. *Heaton,* 28 Ill. 264, and authorities there cited.) In the case just named, this court said that acts done under erroneous or voidable process are binding, and cannot be successfully assailed except by a direct proceeding."

The judgment of the circuit court finding the title to the 20 acres in Ann E. Pyatt is correct. The cross-errors are not, therefore, well assigned. The judgment of the

circuit court finding that the title to the 140 acres was not in Ann E. Pyatt is wrong.

The judgment of the circuit court, in so far as it finds against Ann E. Pyatt as to the 140 acres, will be reversed and the cause remanded to that court for a new trial.

*Reversed and remanded.*