### James E. Larimer, Appellee, v. Richard Snell, Administrator, Appellant.

1. ADMINISTRATION OF ESTATES—*judgment against executor after will is set aside and executor removed.* Where a claim was allowed in the probate court against the executor of an estate, as executor, and an appeal was perfected to the circuit court which rendered a judgment against the executor, such judgment is only voidable though the will was set aside, the executor removed, and an administrator appointed before it was rendered.

2. ADMINISTRATION OF ESTATES—*citation.* Where no effort has been made to set aside a voidable judgment entered by the circuit court for a claim against an executor, as executor, when the will had been set aside, such executor removed, and an administrator appointed; it is not error for the circuit court to enter an order requiring the administrator to pay the claim on a citation filed by the claimant.

Appeal from the Circuit Court of De Witt county; the HON. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed April 18, 1913. Rehearing denied May 16, 1913.

INGHAM & INGHAM, for appellant.

C. A. MAGAW and STONE & GRAY, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

Thomas Snell died testate. The will nominated Lincoln H. Weldon as executor and letters testamentary were issued to him. T. L. Barnes filed a claim in the probate court against the estate of the deceased for $4,000. A summons was issued in the matter of this claim against Weldon, executor, and duly served. James E. Larimer having been appointed assignee in bankruptcy of Barnes was substituted as claimant, and the claim was allowed on February 7, 1910, for the sum of $1,615.19 against the executor. Thomas Snell, an heir, prayed for and perfected an appeal to the circuit court from the allowance of the claim.

On February 22, 1910, the will of Thomas Snell was set aside and the letters to the executor revoked. On April 1, 1910, Richard Snell was appointed administrator of the estate; neither the removal of Weldon as executor, nor the appointment of Snell as administrator was suggested on the record in the appeal in the circuit court; neither did the administrator enter his appearance nor was any summons issued and served on him. In the circuit court the claim was tried before a jury on June 6, 1911, and a verdict in favor of claimant returned for $1,000 against Lincoln H. Weldon, executor, on which judgment was rendered.

On September 30, 1911, Larimer filed a petition for a citation in the county court requiring Richard Snell, administrator, to show cause why he has not paid the claim of petitioner. From an order made on the hearing of this petition, an appeal was taken to the circuit court, and on hearing in the circuit court an order was entered requiring the administrator to pay the claim.

The administrator appeals and contends that the judgment of the circuit court of June 6, 1911, is void under sections 18 and 11 of chapter 1 of the Revised

Statutes. Section 18 of chapter 1, title "Abatement," provides: "When an executor, administrator, guardian or conservator is plaintiff, petitioner or complainant, or defendant in a suit or proceeding in law or equity, and dies, resigns or is removed from office before final judgment or decree, the suit or proceeding shall not on that account abate, but the same may be continued by or against his successor, in like manner as in case of the death of other parties."

Section 11 of the same chapter provides: "When there is but one defendant in an action, proceeding or complaint, in law or equity, and he dies before final judgment or decree, such action, proceeding or complaint shall not on that account abate, if it might be originally prosecuted against the heir, devisee, executor or administrator of such defendant, but the plaintiff, petitioner or complainant may suggest such death on the record, and shall, by order of the court have summons against such person or legal representative, requiring him to appear and defend the action, proceeding or complaint, after which it may proceed as if it had originally been commenced against him."

It was held in *Grier* v. *Cable*, 159 Ill. 29; that "the proceedings provided by law in this state for the presentation and allowance of claims against the estates of decedents are in no proper sense suits or proceedings at law or in chancery, but purely statutory proceedings, provided for the prompt and summary presentation, allowance and classification of all just claims against such estates."

The probate court had jurisdiction over the estate of the deceased, while Weldon was executor and legal notice of the presentation of the claim of Larimer, assignee, was given the estate by service of summons on the executor. The probate court had jurisdiction over the subject-matter and the parties, when the claim was tried in that court. The appeal was prayed to the circuit court by the executor and Thomas Snell, one

of the heirs, but the appeal was perfected by the heir only. After that the executor was removed by the setting aside of the will and Richard Snell was appointed administrator, the claimant should have suggested to the court the removal of the executor and the issuing of a summons and service thereof on the administrator, analogous to the procedure at law. We find no direct authority in this state on the effect of proceeding to judgment, in a statutory proceeding in the circuit court when a new representative was appointed after the appeal was perfected. There is authority however on the question of the proceeding to judgment after the death of a sole defendant, in an action at law in the circuit court. If jurisdiction be obtained of the person of a defendant in his life time by service of process or appearance, a judgment against him after death is not void but voidable, and such a judgment cannot be attacked collaterally. It may be reversed on appeal if the defendant's death appear from the record or it may be vacated on motion in the court where it was rendered on a proper showing, *Claflin* v. *Dunne*, 129 Ill. 241; *Danforth* v. *Danforth*, 111 Ill. 236; *Mitchell* v. *King*, 187 Ill. 452; Freeman on Judgments, sec. 153. The *Claflin* case, *supra*, overrules the earlier case of *Life Association* v. *Fassett*, 102 Ill. 315, and it has since been cited and followed in *Pyatt* v. *Riley*, 252 Ill. 36, where it is said: "The same rule is laid down in 1 Black. on Judgments, 204 (2nd Ed.), a thing that is not void but voidable has force and effect, but in consequence of some inherent quality or defect it is liable, upon proper steps being taken, to be legally annulled or avoided, but the steps to void it must be taken by the proper party and by means of a direct attack upon it." In *Beard* v. *Roth*, 35 Fed. Rep. 397, it was held that a judgment fixing the amount due from an administrator on his settlement, which was rendered after his death, was not void and could not be collaterally attacked by the

sureties in a suit on the bond to recover the amount of the judgment. See also *Reid* v. *Holmes,* 127 Mass. 326; *McClelland* v. *Moore,* 48 Tex. 355; *Yaple* v. *Titus,* 41 Pa. St. 202; *Hayes* v. *Shaw,* 20 Minn. 405; *Merrill* v. *Suffolk Bank,* 31 Me. 57; 11 Encyc. of Pl. & Pr. 844.

The judgment of the circuit court on the claim of appellee is only voidable and is still in full force and effect. No effort having been made to set it aside, there was no error in the order made on the citation.

The order of the circuit court is affirmed.

*Affirmed.*