### Carl Bushnell, Appellant, v. Homer H. Cooper, Administrator of the Estate of Mary B. Bushnell, Deceased, Appellee.

### Gen. No. 23,802.

1. EQUITY, § 574*—*when bill in nature of bill of review merely presents matter in abatement.* A bill in the nature of a bill of review to set aside a decree for separate maintenance in favor of the wife, because of the discovery, after entry of the decree, that the wife died prior thereto, merely presents a matter of abatement.

2. ABATEMENT AND REVIVAL, § 50*—*when suit not ipso facto abated.* The death of a party in a chancery case does not, *ipso facto*, abate the suit without any order of the court.

3. EQUITY, § 574*—*what not basis for bill in nature of bill of review.* Mere matters of abatement are insufficient as a basis for a bill in the nature of a bill for review.

4. JUDGMENT, § 9*—*when after death of party is not void.* A judgment for separate maintenance rendered in a divorce suit in favor of cross complainant, after her death, is erroneous but not void.

5. EQUITY, § 569*—*when allowance of petition for leave to file bill of review within discretion of court.* The allowance of a petition for leave to file a bill of review for newly discovered evidence rests in the sound discretion of the court.

6. EQUITY, § 570*—*when discretion of court in denying petition for leave to file bill of review not abused.* There is no abuse of discretion in denying a petition for leave to file a bill of review for newly discovered evidence where the newly discovered matter, the death of the cross complainant seeking separate maintenance in a divorce suit, did not relate to the merits of the controversy but was presented as ground for relieving petitioner from the payment of attorney's fees in the nature of costs, which fees it was equitable that he pay.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

7. EQUITY, § 569*—*what is function of bill of review filed for newly discovered evidence.* The function of a bill of review, filed for newly discovered evidence, is to relieve one having a meritorious claim from a clear miscarriage of justice where the court is able to see, upon a view of all the circumstances, that the remedy can be applied without mischief to the rights of innocent parties, and without unduly jeopardizing the stability of judicial decrees.

8. JUDGMENT, § 9*—*when decree for separate maintenance deemed entered prior to death of wife on same day.* Where there is no claim that there are any property rights surviving a wife that would be affected by a decree awarding separate maintenance to a wife as cross complainant in a suit by the husband for divorce, which decree was rendered on the same day as the death of the wife but after her death, the doctrine that judicial acts are considered to have taken place at the earliest period of the day when done should be applied, and the decree should be regarded as rendered prior to her death.

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed November 22, 1918. Rehearing denied December 3, 1918.

NORMAN K. ANDERSON and BENJAMIN CLARKE, for appellant.

S. C. IRVING, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This appeal is from an order denying and dismissing a petition for leave to file a bill in the nature of a bill of review to set aside a decree for separate maintenance entered after the death of the wife. The material facts and circumstances disclosed by the petition, answer and affidavits are as follows:

The decree in question dismissed for want of equity appellant's bill for divorce, and gave his wife, Mary B. Bushnell, separate maintenance and incident re-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

lief on her cross-bill.   A hearing on the merits of the issues was concluded November 18, 1915, when the chancellor settled all the terms of the decree except as to the amount of solicitors' fees, and a draft in accordance therewith was presented December 3, 1915, when discussion arose over the amount to be allowed for such fees.   The matter was referred to a master to take evidence and report.   His report, returned June 9th following, was called up at 2:15 p. m. of that day for hearing on the exceptions thereto, counsel for cross complainant then informing the court that his client, Mary B. Bushnell, "was exceedingly ill and likely to die."   The hearing proceeded, and at 4:15 p. m., after overruling the exceptions to the report and fixing the amount of solicitors' fees, the chancellor signed the decree in question.   Through alleged inadvertence the clerk did not file the decree until the following day, but at a subsequent term, before this petition was presented, it was ordered to be filed *nunc pro tunc* as of the date it was signed.   The cross complainant died at 2 p. m., June 9th, but the fact did not become known to appellant or counsel for either side until a subsequent date, not in time, as claimed by petitioner, to present the matter on a motion during that term of court.

The petition was not regularly filed and presented until March, 1917.   It is unnecessary, however, to consider the causes of delay.   From the time of settling the terms of the decree (except as to solicitors' fees) up to the date of its entry appellant performed everything required thereunder and even paid the taxed costs, so that nothing remained for enforcement except payment of solicitors' fees and master's fees therein provided for.   The only relief appellant could obtain would be the formal vacation of the decree and a seemingly inequitable discharge from paying fees for services rendered in the cause long prior to the death of his wife.   The petition and a draft of the

proposed bill attached thereto disclose no other practical end to be attained.

The petition proceeds upon two theories: (1) That the suit abated when the decree was signed, and (2) that the decree was entered through misrepresentation and fraud. The latter theory rests on mere conclusions unsupported by any sufficient averment of fact. They are to the effect that the statement to the court by counsel for cross complainant as to the illness of his client at a time when she was deceased was tantamount to a misrepresentation or mistake that misled the court into assumption of continued jurisdiction. The petition, however, does not charge that her counsel knew of her death before the entry of the decree, or any state of facts that amounted to misrepresentation' or fraud. Neither the petition nor proposed bill contains any allegation that would support a bill to impeach the decree on the ground of fraud, if the proposed bill be regarded as one of that nature.

Whatever merit the proposed bill has rests wholly on discovery of the death of said cross complainant after entry of a decree in her favor. Viewed as based on newly discovered matter, it seeks to attack the decree on a ground that does not, as it should, relate to the matters in issue at the hearing (*Boyden v. Reed,* 55 Ill. 458; Story Eq. Pl. sec. 413), but, merely presents a matter of abatement. Citing *Crook's Ex'r v. Turpin,* 10 B. Mon. (Ky.) 243, in *Danforth v. Danforth,* 111 Ill. 236, the court said that "the death of a party in a chancery case does not, *ipso facto,* abate the suit without any order of the court." (p. 241). But, were it otherwise, it is a principle of equity practice recognized by various authors on that subject that mere matters of abatement are not considered sufficient ground for review. (Story Eq. Pl. sec. 411; Adam Eq. [7th Am. Ed.] 417; Mifford & Tyler's Pl. & Pr. on Eq. p. 182, and cases referred to.) A judgment in such a case is simply deemed erroneous but

not void. *(Danforth v. Danforth, supra,* and cases cited.)

But the allowance of a petition for leave to file a bill of review for newly discovered evidence rests in the sound discretion of the court. *(Schaefer v. Wunderle,* 154 Ill. 577; *Elzas v. Elzas,* 183 Ill. 132.) Inasmuch as the newly discovered matter does not relate to the merits of the controversy decided but is presented as ground for relieving the petitioner from payment of certain fees in the nature of costs, which it is equitable he should pay, there was no abuse of discretion in denying the petition. As said in *Hopkins v. Hebard,* 235 U. S. 287: ''The function of a bill of review, filed for newly discovered evidence, is to relieve a meritorious claimant from a clear miscarriage of justice where the court is able to see, upon a view of all the circumstances, that the remedy can be applied without mischief to the rights of innocent parties, and without unduly jeopardizing the stability of judicial decrees. The remedy is not a matter of absolute right, but of sound discretion.''

We also think that, in view of the absence of any claim that there were any property rights surviving decedent that would be affected by the decree, the doctrine that judicial acts are considered to have taken place at the earliest period of the day when done, should, in furtherance of justice, be applied, so that the decree would be regarded as entered prior to her death. *(Edwards v. Reg.* 9 Exch. star pp. 628, 630, 631; *Wright v. Mills,* 4 H. & N. star pp. 488, 492; *Danforth v. Danforth, supra; Mead v. Mead,* 1 Mo. App. 247, 254.)

*Affirmed.*

Mr. Presiding Justice McDonald took no part in this decision.