**STREETER v. CHICAGO TITLE & TRUST CO. et al.**

(District Court, N. D. Illinois, E. D. August 9, 1926.)

**1. Dismissal and nonsuit ⊂⇒81 (3).**

Power of court to vacate or modify order dismissing suit ceases on expiration of term.

**2. Judgment ⊂⇒12, 486(2)—Under law of Illinois, judgment dismissing action after death of plaintiff held not void, or subject to collateral attack, but voidable only.**

By the weight of authority and under the law of Illinois, as established by decision of its Supreme Court, where a court has acquired jurisdiction of the subject-matter and the person during the lifetime of a party, a judgment rendered for or against him after his death, though erroneous and liable to be set aside, is not void or subject to collateral attack, and the rule applies to a judgment dismissing an action after death of the plaintiff.

At Law. Action by George W. Streeter against the Chicago Title & Trust Company and others. On motion for substitution of applicants as plaintiffs, after death of original plaintiff and dismissal of the action, and for leave to file amended declaration. Denied.

Arthur H. Jones, of Robinson, Ill., and Everett G. Ballard, of Chicago, Ill., for applicants.

Sherman C. Spitzer and Thomas J. Hoban, both of Chicago, Ill., for defendants.

LINDLEY, District Judge. Plaintiff, George W. Streeter, filed a suit in ejectment and trespass, and for the recovery of mesne profits, on September 4, 1920. Approximately 60 of some 600 defendants were served with process, appeared, and demurred to the declaration. Plaintiff died intestate January 21, 1921. On December 31, 1924, Elma Lockwood Streeter appeared by her attorneys, suggesting the death of the plaintiff and applying for substitution of herself, as widow

of deceased, as party plaintiff. In due course this application was heard by the court, and on April 20, 1925, an order was entered denying the application and dismissing the suit. On October 5, 1925, a motion by said applicant to vacate said order of dismissal was submitted to the court and denied. The judgment of dismissal has not been reversed or vacated. On November 30, 1925, the present applicants, 21 in number, filed their motion to be substituted as parties plaintiff, and asking leave to file their amended declaration in ejectment. This motion is now before the court for determination.

[1] It is apparent that, unless the judgment of dismissal entered herein on April 20, 1925, at a previous term was a nullity, there is no cause pending before the court, for under numerous and uniform holdings in all jurisdictions the power of the court to vacate or modify this dismissal order ceased upon expiration of the April, 1925, term; that is, on May 2, 1925. This proposition is so well settled as to be elementary. See Tosetti Brewing Co. v. Koehler, 200 Ill. 369, 372, 65 N. E. 636; Meyer v. I. L. Lumber Co., 203 Ill. App. 301; Bronson v. Schulten, 104 U. S. 410, 415, 416, 26 L. Ed. 797; United States v. Mayer, 235 U. S. 55, 56, 57, 35 S. Ct. 16, 59 L. Ed. 129.

[2] It is most material, therefore, at the outset, to determine the character of the previous judgment, for, remaining in full force, unless void, it has disposed of all pending litigation. A judgment rendered for or against a party after his death, according to numerous decisions, is utterly void, and as such subject to collateral attack. But the great preponderance of authority is to the effect that, where the court has acquired jurisdiction of the subject-matter and the person during the lifetime of a party, a judgment rendered for or against him after his death, although erroneous and liable to be set aside, is not void or open to collateral attack. See Freeman on Judgments (5th Ed. 1925) vol. 1, § 406; 33 C. J. 1107; Black on Judgments, vol. 1, § 200. The rule in Illinois is settled in the case of Claflin v. Dunne, 129 Ill. 241, 21 N. E. 834, 16 Am. St. Rep. 263. There, after the death of one of the defendants, judgment was entered. After the expiration of the term the executor of the deceased defendant moved to vacate the judgment. The court held the judgment voidable, but not void, saying:

"The action was commenced while Claflin was alive. He appeared in court and pleaded to the action. The court thus had jurisdiction of the subject-matter and of the person, and the question arises whether, after the fil-

ing of the plea, the death of Claflin, without notice of the death being brought to the attention of the court, deprived the court of jurisdiction to render a judgment in the cause. The question is one not free from difficulty, and one, too, upon which the authorities are not harmonious. Freeman on Judgments, § 140, says: 'If jurisdiction be obtained over the defendant in his lifetime, a judgment rendered against him subsequently to his death is not void.' In section 153 the author says: 'Judgments for or against deceased persons are not generally regarded as void on that account, * * * and while the court ought to cease to exercise its jurisdiction over a party when he dies, its failure to do so is an error to be corrected on appeal, if the fact of the death appears upon the record, or by writ of error coram nobis, if the fact must be shown aliunde.' The same doctrine has been announced by the Supreme Court of Pennsylvania. Warder v. Tainter, 4 Watts, 278; Yople [Yaple] v. Titus, 41 Pa. 203, [80 Am. Dec. 604]. In the last case it is said: 'Now it would seem to be well established that, in civil proceedings against a person, his death does not so completely take away the jurisdiction of a court which has once attached as to render void a judgment subsequently given against him. The judgment is reversible on error, if the fact and time of death appear in the record, or in coram nobis, if the fact must be shown aliunde; but it is not void.' See, also, Coleman v. McAnulty, 16 Mo. 173 [57 Am. Dec. 229]; Spalding v. Wathen, 7 Bush [Ky.] 662; Reed v. Holmes, 127 Mass. 326; Swasey v. Autram [Antram] 24 Ohio St. 87."

See, to the same effect, cases of Stoetzell v. Fullerton, 44 Ill. 108; Danforth v. Danforth, 111 Ill. 236; Bushnell v. Cooper, 212 Ill. App. 503; Schaeffer v. Potzel, 238 Ill. App. 335; Larimer v. Snell, 181 Ill. App. 50; Gage v. Chicago Title & Trust Co., 303 Ill. 569, 136 N. E. 483.

It would seem, therefore, that there is no question concerning the law in Illinois. Though the judgment against Streeter, dismissing his suit, was perhaps erroneous, yet it is not void, but merely voidable, and remains in full force and effect until reversed in proper proceedings. This being the rule under the Illinois authorities, it must control in this court under the Conformity Act (17 Stat. 196).

The applicants rely upon an apparently contrary rule announced in the case of Life Association v. Fassett, 102 Ill. 315. There the court announced that, in the absence of any statutory provision on the subject, a judgment against a dead person, either natural or artificial, is absolutely void, and the fact that service may have been obtained, or the suit commenced before the death of the party, makes no difference. The effect of this decision, however, is completely nullified by the decision of the court in the later case of Claflin v. Dunne, supra. There the court, in discussing the earlier case, said:

"Reference has, however, been made to Life Association of America v. Fassett, 102 Ill. 315, as a case holding that a judgment against a deceased person is void. It is said in that case, in plain language, that a judgment rendered against a deceased person is void; but, upon an examination of the facts there involved, it will be found that no such question was presented in that record. Whether a judgment against a deceased person was void or voidable did not arise in that case, and whatever may have been said upon that branch of the case is obiter dictum, and binding upon no one. As said before, there are authorities holding that a judgment rendered against a deceased person is void, but we think the weight of authority and the reason of the rule is that such a judgment is not void, but voidable."

The doctrine of the later case is expressly approved in a number of Illinois cases above cited, and notably in Mitchell v. King, 187 Ill. 452, at page 462, 55 N. E. 637, 58 N. E. 310, and in Pyatt v. Riley, 252 Ill. 36, at page 41, 96 N. E. 570. The court is mandatorily impelled to the conclusion that, notwithstanding the death of Streeter, this court on April 20, 1925, had the right to dispose of the pending case; that its action in so doing, even though it may have been erroneous, was not void; and that the judgment entered can be avoided only by direct attack in a proper proceeding brought for that purpose.

Whether the applicants may have a review of said judgment of April 20, 1925, by writ of error, by motion in the nature of writ of error coram nobis, or otherwise, is a question not now decided, as no such proceeding is now submitted to the court.

The motion of the applicant is dismissed for want of jurisdiction in the court to entertain the same. Costs incurred upon said motion shall be taxed against the applicants.