**BACHE et al. v. MOE.**

District Court, N. D. Ohio, W. D. March 14, 1929.

No. 3192.

Tracy, Chapman & Welles, of Toledo, Ohio, for plaintiffs.

Geo. E. Reed and Mulholland & Hartmann, all of Toledo, Ohio, for defendant.

HAHN, District Judge. This action was instituted on the 27th day of July, 1926, by the filing of a petition herein praying for a recovery in the amount of $4,645.22, together with interest and costs. The case, being at issue, was noticed for trial on the 25th day of October, 1927. On December 1, 1927, defendant's counsel moved the court for an order passing the case out of the assignment on account of the sickness of the defendant; the case having been set for trial on the 12th day of December, 1927. This motion was granted. The case was "passed from the assignment, to be reassigned in the next assignment of law causes."

In due course the case was called for trial on the 11th day of September, 1928, and, as appears from Journal Q, page 611, the following proceedings were had.: Counsel for the respective parties appeared. Counsel for the defendant moved the court for an order of continuance which was denied. Thereupon the request of defendant's counsel to withdraw from the case was granted. The jury was impaneled, opening statements were made by counsel on behalf of plaintiffs, and plaintiffs' testimony was submitted to the jury. The jury, being so directed by the court, found upon the issues joined in favor of the plaintiffs in the amount of $5,245.82.

The term of this court during which the aforesaid proceedings were had terminated on the 29th day of October, 1928. Before its termination no proceedings were instituted on behalf of the defendant looking toward a vacation of the above judgment. On January 11, 1929, during the next subsequent term of this court, the petition to vacate was filed.

The petition is based upon a claimed unavoidable casualty, "in that at and prior to said time (referring to September 11, 1928, the date of said trial) said defendant was ill and was suffering from a chronic condition of cardian asthma, that his whereabouts at the time said verdict and judgment were entered were unknown to his counsel of record in said cause, and that the physical condition of defendant was such at said time that even if his whereabouts had been known to his counsel and they had been able to communicate with him, he, the defendant, was unable, because of his said physical condition, to attend the trial of said cause."

To the petition to vacate and set aside are attached affidavits showing the physical condition of the defendant as set out in the petition; that at some time defendant had changed his address, and had not received any notice whatever that he was required to be in Toledo on the 11th day of September, 1928. There is no direct denial that the defendant did receive the letters referred to in the affidavit of his counsel, which were directed "to his address in New York City," and which were not returned; nor is there any direct denial that he received a telegram which his counsel sent to him at his New York City address.

Whatever appeal there might be in the petition of the defendant with its attached affidavits, however, must be denied, it seems to us, for the reason that the court has no jurisdiction to entertain the same. As we have seen, the petition was not filed during the term of court in which judgment against the defendant was had, but at the next subsequent term. The law is well settled, it seems to us, that a federal court is not authorized to entertain a petition to set aside a judgment after the term at which it was rendered, where the judgment of the court was absolute and final, as it was in this case. 25 C. J. 801.

The leading case is said to be Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797. The first and second paragraphs of the syllabus of that case are as follows:

"It is a general rule of law, that all the judgments, decrees or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record and may then be set aside, vacated or modified by that court.

"It is equally well established that after the term has ended, all final judgments and decrees of the court pass beyond its control unless steps be taken during that term, by motion or otherwise, to set aside, modify or correct them; and if errors exist they can only be corrected by such proceeding, by writ of error or appeal, as may be allowed in a

978

court which by law can review the decision."

The same rule has been applied to a judgment of conviction in a criminal case. United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129.

These cases have been approved and followed without any deviation or modification whatsoever. Hart v. Wiltsee (C. C. A.) 25 F.(2d) 863; Dillon v. United States (C. C. A.) 29 F.(2d) 246. And see the following cases: Phillips v. Negley, 117 U. S. 665, 6 S. Ct. 901, 29 L. Ed. 1013; Loewe v. Union Savings Bank (D. C.) 222 F. 342; Forty Fort Coal Co. v. Kirkendall (D. C.) 233 F. 704; United States v. One Trunk Containing Fourteen Pieces of Embroidery (D. C.) 155 F. 651; Tryon v. Penn. Ry. Co. (D. C.) 213 F. 49; Streeter v. Chicago Title & Trust Co. (D. C.) 14 F.(2d) 331.

Whatever the practice in the state courts, the Conformity Act (28 USCA § 724) does not require a compliance therewith. "The question relates to the power of the courts and not to the mode of procedure." Bronson v. Schulten, supra; 2 Cyclopedia of Federal Procedure, p. 618, § 470; 25 C. J. 801, 823.

The petition of the defendant to vacate and set aside the verdict and judgment is dismissed and denied with exceptions to the defendant.