## Schell *v.* Dodge.

## Barney *v.* Isler.

## Barney *v.* Cox.

## Barney *v.* Friedman.

Where a cause has been finally disposed of here, by the dismissal of the writ of error, this court has no power, at a subsequent term, to alter its judgment to one of affirmance, although, if there had been a judgment of affirmance, interest during the pendency of the writ would have been allowed on the amount of the judgment below, and in the judgment of dismissal no such interest was allowed.

Error to the Circuit Court of the United States for the Southern District of New York.

The case is stated in the opinion of the court.

*The Solicitor-General* for Schell and Barney.

*Mr. John E. Parsons, contra.*

Mr. Justice Blatchford delivered the opinion of the court.

These are all suits in each of which a judgment was rendered against a late collector of customs for the recovery of money paid as duties. There has been a certificate of probable cause in each. A writ of error in each case was brought here by direction of the government. When the cases were reached in order on the docket of this court at October Term, 1881, the Solicitor-General, on the part of the government, moved that the writs of error be dismissed, as presenting no question which he desired to argue. This was done. There was no affirmance of the judgments below, and the judgments and mandates of this court contained no direction as to interest on the judgments below during the time the writs of error were pending. Those judgments were rendered in 1878, and suspended by the writs of error for over three years. In the Dodge case the mandate was issued, but has never been presented to the court below. In the other cases, the mandates were issued

and presented to the court below, and orders for judgment were entered thereon. Counsel for the defendants in error in the Dodge case were present in this court when that case was so dismissed, but in the other cases no counsel for the defendants in error was present, and the motions to dismiss were made without their knowledge, and the mandates were not issued till after the close of the term.

The defendants in error now apply to this court to correct the judgments and mandates in these cases, so as to award to them interest as such or as damages for delay. There is no doubt that, if the defendants in error in these cases had in season asked for judgments of affirmance, their applications would have been granted, and interest would have been allowed, in accordance with the decision in *Schell* v. *Cochran, ante,* p. 625. But the difficulty now is that we have no power to vary the judgments or the mandates, after the close of the term, no especial right to do so in these cases having been reserved. It has always been held by this court that it has no power, after the term has passed, and a cause has been dismissed or otherwise finally disposed of here, to alter its judgment in such a particular as that now asked for, the change of a dismissal of a writ of error, with its legal consequences, to an affirmance of the judgment below, with its legal consequences, and not an error of mere form, or a clerical error, or a misprision of the clerk, or the like. *Jackson* v. *Ashton,* 10 Pet. 480 ; *Bank of the United States* v. *Moss,* 6 How. 31, 38.

*Applications denied.*