LOUIS ROESEL, PLAINTIFF IN ERROR, v. THE STATE, DEFENDANT IN. ERROR.

Argued August 6, 1898—Decided September 27, 1898.

1. A writ of error issued to bring into this court for review a judgment previously affirmed by this court against the same plaintiff in error should be quashed.
2. Under section 134 of the Criminal Procedure act of 1898, this court, by a writ of error going directly to a Court of Oyer and Terminer, can review only the judgment by which the criminal is condemned to death; an order made after such judgment and merely appointing a day for execution cannot be so reviewed.

On motion to quash writ of error.

For the plaintiff in error, *Frank Bergen.*

For the state, *Nicholas C. J. English,* prosecutor of the pleas, and *Samuel H. Grey,* attorney-general.

The opinion of the court was delivered by

DIXON, J.   The plaintiff in error, having been convicted of murder of the first degree and sentenced to death by the Union County Court of Oyer and Terminer, sued out a writ of error from this court, returnable June 11th, 1898.   After the usual pleadings on error and full argument, this court on July 8th, 1898, affirmed the judgment and remitted the record to the Union Oyer, to be proceeded with according to the practice of that court.   On August 6th, 1898, the plaintiff caused

to be issued out of this court a second writ of error, the same in substance and form as the first writ. The state, defendant in error, now moves that the second writ be quashed.

On its face this writ alleges to be erroneous, and requires the Oyer to send to this court for correction, the very judgment which this court had already adjudged to be free from error. That adjudication is conclusive against the plaintiff, and his attempt to impugn it by a second appeal to this court must fail and the writ should be quashed. *Booth* v. *Commonwealth,* 7 *Metc.* 285; *Chaffin* v. *Taylor,* 116 *U. S.* 567; *Jenkins* v. *Guarantee Trust and Safe Deposit Co.,* 10 *Dick. Ch. Rep.* 798; 7 *Ency. Pl. & Prac.* 900.

But it is stated by counsel that the purpose of the second writ is to bring under review an order made by the Union Oyer, after the remitment of the record, appointing a day for the execution of the judgment, the day originally set having passed. Such being the purpose, correct practice would seem to require that it should be expressed in the writ. *Davenport* v. *Fletcher,* 16 *How.* 142. Waiving, however, this point of practice a deeper difficulty appears. The authority of this court to send a writ of error directly to a Court of Oyer and Terminer depends wholly on the act of March 12th, 1878 (*Pamph. L., p.* 80), now embodied in section 134 of the Criminal Procedure act of 1898 (*Pamph. L., p.* 866). *Entries* v. *State,* 18 *Vroom* 140; *Kohl* v. *State,* 30 *Id.* 195. That law enacts that "in criminal cases punishable with death writs of error as writs of right shall be issued out of and returnable to the Court of Errors and Appeals alone, and such writs shall be heard and determined at the term of said court next after the judgment of the court below, unless for good reasons the Court of Errors and Appeals shall continue the cause to any subsequent term."

The fair import of this provision is, we think, that the writ thus authorized is one to review the *judgment* of the court below, that is, the judgment by which the criminal is condemned to death, and not one to review an order which is merely collateral or auxiliary to that judgment. The order

now complained of is entirely distinct and separate from the judgment; it related only to the execution of the judgment. 4 *Bl. Com.* 404. Such an order may, under proper circumstances, be made by another authority than the court, viz., the governor of the state. *Crim. Proc. Act* (*Pamph. L.* 1898, *p.* 866, § 133).

We have no power to review this order by a writ going directly to the Oyer.

In any aspect of the case our writ has been improvidently issued and must be quashed.