### UNITED STATES v. FOUR LORGNETTE HOLDERS.

#### In re ZOLLI.

(District Court, D. New Jersey. September 3, 1904.)

1. VACATION OF JUDGMENT—POWER OF COURT AFTER TERM.

A judgment of forfeiture against imported merchandise for an alleged attempt to defraud the customs laws cannot be vacated on a petition filed after the term, and more than two years after its entry, to permit the importer to defend, on the ground of irregularities in the procedure; no mistake or clerical error being alleged.

On Petition of Luigi Zolli to Vacate Judgment.

Lorenzo Ullo, for petitioner.

LANNING, District Judge. On August 26, 1895, the United States attorney for the district of New Jersey filed in this court an information alleging the seizure on land at the port of Hoboken, N. J., by the inspector of customs, of certain merchandise imported by Luigi Zolli with intent to defraud the revenue of the United States, and that the merchandise had thereby become forfeited to the United States. A decree of forfeiture was entered by default on September 24, 1895. The property was subsequently sold by the marshal, and an order of distribution of the proceeds was made January 3, 1896. On February 11, 1898, Luigi Zolli filed his petition alleging various irregularities in the procedure, and a failure on the part of the court to acquire such jurisdiction of the cause as to authorize the decree. The prayer of the petition is that the judgment be vacated, to the end that the petitioner may make claim to the merchandise and answer the information, and take such further steps as may be necessary to recover the merchandise, or the value thereof. It is upon this petition and the proofs thereunder taken that the present hearing is had.

Assuming that all the allegations of irregularity in the petition are true, this court is without power to disturb the decree. A period of more than two years intervened between the date of the decree and the date of filing the petition. The general rule is that a court cannot set aside its judgment or decree except during the term within which it was entered. A few exceptions to the rule exist, allowing the correction of clerical errors, or errors of mere form, or the presentation of a material fact by a writ of error coram vobis. None of these exceptions, however, extend to a case like the one before me. Here the alleged error is in the judgment itself. The application is, not to correct some clerical error in it, but to set it aside, and treat it as a nullity, to the end that the petitioner may interpose his claim to the property. In Cameron v.

M'Roberts, 8 Wheat. 591, 4 L. Ed. 467, the Supreme Court held that a Circuit Court of the United States could not set aside a decree after the term in which it was entered, even though the fact should be that the parties were all citizens of one state, and the court would have been compelled to dismiss the suit for want of jurisdiction if that objection had been made in due time. In Sibbald v. United States, 12 Pet. 492, 9 L. Ed. 1167, it was said:

"No principle is better settled, or of more universal application, than that no court can reverse its own final decrees or judgments, for errors of fact or law, after the term in which they have been rendered, unless for clerical mistakes, or to reinstate a cause dismissed by mistake; from which it follows that no change or modification can be made which may substantially vary or affect it in any material thing. Bills of review in cases of equity, and writs of error coram vobis at law, are exceptions which cannot affect the present motion."

To the same effect are Bank of the United States v. Moss, 6 How. 30, 12 L. Ed. 331; Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797; Schell v. Dodge, 107 U. S. 629, 2 Sup. Ct. 830, 27 L. Ed. 601; Phillips v. Negley, 117 U. S. 665, 6 Sup. Ct. 901, 29 L. Ed. 1013.

The conclusion reached is that the petition must be dismissed.