## STATE v. ANTOINETTE TOLLA.

Argued February 26, 1906—Decided March 12, 1906.

1. When the term, in which final judgment in a criminal cause was regularly perfected, has expired, the court has no power to grant a new trial, unless it be shown that the judgment was rendered without jurisdiction or was obtained by fraud.
2. When, in a capital case, the sentence of death has been pronounced, a subsequent order appointing a day for execution is not "the judgment," within the meaning of the rule above stated or of section 55 of the Criminal Procedure act of 1898.

———

On error to the Bergen Oyer and Terminer.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON and HENDRICKSON.

For the defendant, *Samuel Kalisch.*

For the state, *Ernest Koester,* prosecutor of the pleas.

The opinion of the court was delivered by

DIXON, J.   The defendant was convicted of murder in the first degree on April 24th, 1905, in the Bergen County Oyer, and on May 1st, 1905, was sentenced to death, June 9th, 1905, being the time then appointed for her execution.   The current term of the Oyer ended on or before the second Tuesday of September, 1905.   On May 16th, 1905, the defendant sued out a writ of error, returnable to the following June Term of the Court of Errors and Appeals, and at the November Term of that court the judgment was affirmed.   On December 12th, 1905, the record of conviction having been remitted to the Oyer, that court appointed January 12th, 1906, for the execution of the sentence, but execution has since been respited until March 12th, 1906.   On February 21st last the defendant applied to the Bergen Oyer for a new trial,

and that court has certified to the Supreme Court the question whether the Oyer now has power to grant the application.

The application is not founded upon anything affecting the validity or regularity of the judgment.

Counsel for the defendant concedes that at common law a new trial could not be granted in cases of felony (1 *Chit. Crim. L., p.* 532), although in Arundel's case (6 *Rep.* 14), Lord Coke states that after a conviction of murder a new trial was granted because the jury had been drawn from a wrong venue, the ground being that "the trial was insufficient, for the defendant's life was never in jeopardy."

In this state, however, the power of the court to grant a new trial after conviction of felony, even capital, has been recognized and exercised from very early times (*State* v. *Wells, Coxe* 424, A. D. 1790; *State* v. *Aaron,* 1 *South.* 231, A. D. 1818), and such power is, I think, asserted in all the states of this union, on grounds sufficiently indicated by Chief Justice Parker in *Commonwealth* v. *Green,* 17 *Mass.* 515, A. D. 1822.

But there are two settled legal rules controlling the exercise of this power when not aided by statute. One is that the motion for a new trial should be made before final judgment is perfected, and cannot afterwards be entertained unless the judgment be opened; the other is that after the term in which the judgment was regularly perfected, the court cannot disturb or alter the judgment in a matter of substance unless it be shown that the judgment was rendered without full jurisdiction or was obtained by fraud. The first of these rules is one of procedure merely, but the second, as was said by Mr. Justice Miller in *Bronson* v. *Shulten,* 104 *U. S.* 410, 417, relates to the power of the court, and it is so considered in our tribunals. *State* v. *Gray,* 8 *Vroom* 368, 372; *State* v. *Addy,* 14 *Id.* 113; *Fraley* v. *Feather,* 17 *Id.* 429.

The recognized exceptions based on lack of jurisdiction or on fraud are not now pertinent. Nor is it deemed necessary to examine the other exceptions elsewhere grafted upon these

rules either by statute or because of the amalgamation of the legal and equitable systems of jurisprudence. They may be found in 17 *Am. & Eng. Encycl. L.* (*2d ed.*) 816 *et seq.* In New Jersey those systems remain distinct, and there is no statute affecting the present question save section 55 of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 866), the force of which is expressly limited to the term in which judgment is entered.

It is further urged that the judgment now standing against the defendant is the order entered December 12th, 1905, fixing January 12th, 1906, as the day for execution, and that as the term of December has not yet expired, her motion for a new trial was in time under the statute.

Such an order is not "the judgment" within the meaning of the rule or of the statute, or in any proper sense. It is merely a collateral or auxiliary order to carry the judgment into execution. *Roesel* v. *State,* 33 *Vroom* 368. It is a substitute for the precept or calendar used in the old English practice. *Clifford* v. *Heller,* 34 *Id.* 105, 115.

Since, therefore, the term in which the judgment of the Oyer was regularly perfected had expired when the motion for a new trial was made, we are constrained to advise the court that it has no power to grant the motion.