## TRYON v. PENNSYLVANIA R. CO.

(District Court, D. New Jersey. April 15, 1914.)

**1. JUDGMENT (§ 342*)—VACATION—TIME.**

A federal district court is without power to vacate or open a judgment after expiration of the term at which it was passed except to correct clerical errors, errors of mere form, or errors of fact which might have been corrected under the English writ of error coram vobis.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 668–671; Dec. Dig. § 342.*]

**2. COURTS (§§ 363, 365*)—VACATION—POWER OF COURT.**

The power of a federal district court to set aside a judgment after the term, as distinguished from procedure, can neither be conferred nor withheld by the statutes of a state or the practice of the state courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 939–950, 952, 955, 969–971; Dec. Dig. §§ 363, 365.*]

**3. JUDGMENT (§ 403*) — VACATION AFTER TERM — MODE OF RELIEF — EQUITY SUIT.**

A judgment rendered against plaintiff for want of prosecution could only be set aside after the term by suit in equity.

[Ed. Note.—For other cases; see Judgment, Cent. Dig. § 764; Dec. Dig. § 403.*]

At Law. Action by William A. Tryon against the Pennsylvania Railroad Company. On motion to set aside a judgment and permit plaintiff to try his case on the merits. Denied.

J. Albert Homan, of Trenton, N. J., for complainant.
Vredenburgh, Wall & Carey, of Jersey City, N. J., for defendant.

HAIGHT, District Judge. The plaintiff instituted suit in the circuit court of Hudson county, N. J., to recover damages for personal injuries alleged to have been sustained by him through the negligence of the defendant. The suit was instituted in February, 1911. It was removed by the defendant to this court in March, 1911. It was subsequently noticed for trial at the September term, 1911, and again at the

January term, 1912, of this court. When the case was reached on the call, no one appeared on behalf of the plaintiff. Notice of a motion to dismiss the action for want of prosecution, returnable on January 22, 1912, was then served upon the plaintiff's attorney. On the latter day, no one appearing on behalf of the plaintiff, a judgment of non pros. was entered. This was during the January term, 1912, of this court. In the January term, 1914, a petition was presented on behalf of the plaintiff praying that the judgment be vacated because of the negligence of his attorney in failing to move the case for trial and in failing to respond to the notice to dismiss. On the presentation of this petition a rule to show cause was made why the judgment should not be opened and the plaintiff permitted to present his case. Depositions were taken, and upon the return of the rule the matter was argued by counsel for both parties.

[1] It is unnecessary for me to consider whether the plaintiff would be entitled to the relief which he seeks, if the motion had been made in time, because this court is without power or authority to vacate or open the judgment, as the term in which it was pronounced has passed. Sibbald v. U. S., 12 Pet. 492, 9 L. Ed. 1167; Brooks v. Burlington St. R. Co., 102 U. S. 107, 26 L. Ed. 91; Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797, and cases there cited; Phillips v. Negley, 117 U. S. 665, 6 Sup. Ct. 901, 29 L. Ed. 1013; Hickman v. Fort Scott, 141 U. S. 415, 12 Sup. Ct. 9, 35 L. Ed. 775; Rio Grande Irrigation & Colonization Co. v. Gildersleeve, 174 U. S. 603, 19 Sup. Ct. 761, 43 L. Ed. 1103; Tubman v. Baltimore & Ohio R. Co., 190 U. S. 38, 23 Sup. Ct. 777, 47 L. Ed. 946; Gagnon v. U. S., 193 U. S. 451, 24 Sup. Ct. 510, 48 L. Ed. 745; Wetmore v. Karrick, 205 U. S. 141, 27 Sup. Ct. 434, 51 L. Ed. 745; In re Metropolitan Trust Co., 218 U. S. 312, 31 Sup. Ct. 18, 54 L. Ed. 1051. The same principle has been enunciated and applied in this district. U. S. v. Four Lorgnette Holders (D. C.) 132 Fed. 564.

The rule which has been followed in all of the above-cited cases is thus stated by Mr. Justice Miller, in Bronson v. Schulten, supra, 104 U. S. 415, 26 L. Ed. 797:

"It is a general rule of the law that all the judgments, decrees, or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and they may then be set aside, vacated, modified, or annulled by that court.

"But it is a rule equally well established that after the term has ended all final judgments and decrees of the court pass beyond its control, unless steps be taken during that term by motion or otherwise, to set aside, modify, or correct them; and, if errors exist, they can only be corrected by such proceeding by a writ of error or appeal as may be allowed in a court which, by law, can review the decision."

There are a few exceptions to this rule, however, which may be gathered from the above-cited cases, such as the correction of clerical errors, or errors of mere form, and such errors of fact as might be corrected by the English writ of error coram vobis (for which a motion is now substituted). What might be corrected by that writ is thus stated by Mr. Justice Miller, in the same case:

"A writ which was allowed to bring before the same court in which the error was committed some matter of fact which had escaped attention, and

which was material in the proceeding. These were limited generally to the facts that one of the parties to the judgment had died before it was rendered, or was an infant and no guardian had appeared or been appointed, or was a feme covert, and the like, or error in the process through default of the clerk."

It is entirely clear that this case does not come within any of these exceptions. Here the application is, not to correct some clerical error in the judgment or any such error of fact as might be corrected by the writ of error coram vobis, but to set it aside and treat it as a nullity, to the end that the plaintiff may try his case. The same state of facts was before the Supreme Court in Tubman v. Baltimore & Ohio R. R. Co., supra, and the power of the court to open the judgment after the term had passed was denied.

It was urged that the practice in New Jersey permits a court to set aside or vacate a judgment after the term at which it was entered has expired, in a case such as this, and that the rule of the state courts in this respect should be followed by this court.

[2] The question, however, relates to the power of the court, and not the mode of procedure, and, as was said in Bronson v. Schulten, supra:

"This authority can neither be conferred upon nor withheld from the courts of the United States by the statutes of a state or the practice of its courts."

See, also, on this point, Phillips v. Negley, supra.

But even if this court could follow the practice of the state courts in this respect, it seems that no relief could be afforded to the plaintiff, because the same rule, except where changed by statute (and there is no statute in New Jersey changing this rule) prevails in New Jersey. State v. Tolla, 73 N. J. Law, 249, 63 Atl. 338; Fraley v. Feather, 46 N. J. Law, 429; State v. Gray, 37 N. J. Law, 372.

[3] If the plaintiff is entitled to any relief, it must be upon bill in equity upon grounds recognized as furnishing a title to relief. Phillips v. Negley, supra.

It follows therefore that, the motion to vacate this judgment having been made after the term at which the judgment was rendered and entered, this court has no power to vacate it, and that the motion must be denied and the rule to show cause dismissed.