E. G. STAUDE MFG. CO. et al. v. LABOMBARDE et al.

(Circuit Court of Appeals, First Circuit. January 9, 1918.)

No. 1276.

APPEAL AND ERROR ⟐1222—CORRECTION OF MANDATE—PETITION THEREFOR.

Generally speaking, an application to recall and correct a mandate cannot be made after the close of the term, except as to errors of mere form; hence, after the expiration of the term at which a decree was reversed, appellant's petition to recall mandate for correction by adding to the costs taxed, must be denied, where the item sought to be added was contested, and no voucher therefor appeared to have been before the clerk when he prepared the mandate.

Appeal from the District Court of the United States for the District of New Hampshire.

Suit by the E. G. Staude Manufacturing Company and others against Elie W. Labombarde and others. A decree dismissing the bill without prejudice, but awarding costs to defendants, was reversed on plaintiff's appeal. On petition to recall mandate. Denied.

Nathan Heard, of Boston, Mass., for petitioners.

Geo. A. Rockwell, of Boston, Mass., for defendants.

Before DODGE and BINGHAM, Circuit Judges, and HALE, District Judge.

PER CURIAM. On June 7, 1917, the decree appealed from was reversed, and the case remanded to the District Court for further proceedings, the appellants to recover their costs in this court. See the opinion of the above date in this case. 243 Fed. 362, —— C. C. A. ——. Judgment was rendered accordingly on the same day, and on August 8, 1917, a mandate issued, wherein the appellants' costs were taxed by the clerk at $68.20.

The mandate was delivered by the clerk to the appellants' counsel, who has filed the present petition, asking for its recall and correction by adding to the costs, as taxed, the further sum of $114.50, said to have been disbursed by the appellants for printing the transcript of record on appeal.

This petition was not filed until October 30, 1917. At that time the October term, 1916, during which the above decision was made and the costs taxed as above, had closed, and the October term, 1917, had begun. The mandate has not been filed in the District Court.

The costs, having been taxed during the October term, 1916, form

part of the judgment. Generally speaking, an application to recall and correct ·a mandate cannot be made after the close of the term. Foster, Federal Practice (4th Ed.) 2149. Except as to errors of mere form, clerical errors, or misprision of the clerk, or the like, our power to correct the judgment as it stands came to an end with the term at which it was rendered. Schell v. Dodge, 107 U. S. 629, 2 Sup. Ct. 830, 27 L. Ed. 601. The alleged error now sought to be corrected does not, as it seems to us, fall under any of these descriptions. No voucher for the amount now sought to be added to the taxation appears to have been before the clerk when he made it. · The present motion is opposed by the appellees, who deny that the amount in question could lawfully have been taxed at any time. This question, if raised within the term, we could have considered. As the matter stands, we are obliged to deny the petition.

Petition denied.