## HART et al. v. WILTSEE et al.

Circuit Court of Appeals, First Circuit.
April 11, 1928.

No. 2070.

1. **Costs ☞264—Court is without power to revoke or modify award of costs made in decree after expiration of term.**

A court is without jurisdiction to revoke or modify an award of costs made in a final decree after expiration of the term, unless the right was reserved.

2. **Appeal and error ☞1221—Appellate court may recall mandate after term only for purpose of correcting clerical errors or matters of form.**

A Circuit Court of Appeals may recall a mandate after the term for correction of clerical errors or mere matters of form, but not for the purpose of modifying its final decree in a matter of substance.

Appeal from the District Court of the United States for the District of Massachusetts; George W. Anderson, Judge.

Francis R. Hart and others appeal, as against Ernest Wiltsee and others in a suit by Henry S. Parker, receiver, against the New England Oil Corporation. On motion by appellees to recall mandate and modify final decree as to costs. Denied.

See, also, 19 F.(2d) 903.

Charles F. Choate, Jr., and Nathan Matthews, both of Boston, Mass., for appellants Hart and others.

Powers & Hall, James N. Clark, and Robert H. Montgomery, all of Boston, Mass. (Frederick R. Ryan, of New York City, of counsel), for appellant Finsthwait.

Tillinghast & Collins, William R. Tillinghast, and James C. Collins, all of Providence, R. I., for appellants West and another.

Sherman L. Whipple, Claude B. Cross, and Frederick Foster, all of Boston, Mass., for appellees Wiltsee and others.

Arthur D. Hill, of Boston, Mass., Francis L. Kohlman, of New York City, Faneuil Adams, of Boston, Mass., and Saul J. Lance, of New York City, for appellees Stevens and others.

Romney Spring, of Boston, Mass., for appellees Kimball and others.

Lincoln Bryant, of Boston, Mass., for appellee Russell.

Before BINGHAM and JOHNSON, Circuit Judges, and MORRIS, District Judge.

PER CURIAM. In the above-entitled case a final decree was entered by order of this court on May 17, 1927, in which costs to appellants were awarded.

June 24, 1927, a petition for rehearing was filed, which was denied on July 11, 1927.

On July 15, 1927, the appellees filed a motion for a stay of mandate, which was granted on August 2, 1927, until further order of this court.

December 1, 1927, an order of the Supreme Court (275 U. S. ——, 48 S. Ct. 119, 72 L. Ed. ——) denying the petition for certiorari was filed, and on the same date mandate was ordered to issue.

January 3, 1928, appellees filed a petition for an amendment of the final decree as to costs, which was denied on the same date.

January 4, 1928, mandate issued.

February 10, 1928, the appellees filed a motion to recall the mandate and to revoke or modify the final decree as to costs. Upon this motion parties have been heard and briefs filed.

[1] The term of this court at which the final decree of May 17, 1927, was entered ended October, 1927, and after the close of that term this court had no power or jurisdiction to revoke or modify the award of costs made in that decree, unless the same were reserved by its order of October 3, 1927. See opinion of Chief Justice Taft in Fairmont Creamery Co. v. Minnesota (announced November 21, 1927) 275 U. S. 70, 48 S. Ct. 97, 72 L. Ed. ——; also Bronson v. Schulten, 104 U. S. 410, 415, 26 L. Ed. 797; Schell v. Dodge, 107 U. S. 629, 2 S. Ct. 830, 27 L. Ed. 601; Phillips v. Negley, 117 U. S. 665, 6 S. Ct. 901, 29 L. Ed. 1013; Jourolman et al. v. East Tennessee Land Co. et al. (C. C. A.) 85 F. 251. See, also, in this circuit, E. G. Staude Mfg. Co. et al. v. Labombarde et al., 247 F. 879, and Casey v. Sterling Cider Co. (C. C. A.) 15 F.(2d) 52. All of these cases hold that, after the close of the term at which a final decree has been entered, it cannot be modified in any matter of substance, but only for clerical errors.

October 3, 1927, the following order was entered in this court:

"It is now here ordered that all causes not decided and all business of the term not disposed of be, and the same hereby are, continued until the next term, subject to and reserving the power and jurisdiction of the court over any cause until mandate issues under rule 32."

By this order the court reserved to itself power and jurisdiction over pending cases until mandate should issue.

[2] As its mandate in this cause issued January 4, 1928, its power and jurisdiction over it so far as it had been reserved, ceased.

After that it could recall its mandate for the purpose of correcting clerical errors, or mere matters of form, but the award of costs is a matter of substance, and the court is without power and jurisdiction to revoke or modify its final decree in respect thereto.

The motion of the appellees must therefore be denied; and it is so ordered.