## ROMAN et al. v. ALVAREZ et al.

Circuit Court of Appeals, First Circuit.
February 18, 1929.

No. 2275.

Luis A. Castro, of San Juan, Porto Rico, for appellants.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. February 1, 1905, the plaintiffs, six in number, citizens and residents of Porto Rico, by their attorneys, Coll Cuchi and Anderson, Jr., brought an action of ejectment against the defendant, a subject of the King of Spain and a resident of San Juan, setting out that on or about January 1, 1898, they were the owners in fee and entitled to the possession of a certain tract of land, which they described; that while they were so seized and entitled to the possession, one Francisco Martino on or about the 1st of March, 1900, without right, entered into and took possession of the demanded premises and wrongfully ejected the plaintiffs therefrom, and unlawfully transferred the same to the defendant, who now unlawfully withholds possession.

The defendant filed a demurrer, assigning different grounds and an answer denying the allegation of the complaint. The demurrer was overruled, but the plaintiffs were ordered to make Francisco Martino a party defendant. Thereafter on motion the complaint was amended by adding some 21 persons as plaintiffs.

October 19, 1905, Coll Cuchi, as attorney for the plaintiffs, and Herminio Diaz, as attorney for the defendants, filed a written motion to dismiss the action, wherein it was stated that for valuable consideration the plaintiffs had compromised the suit, waived all

their rights to the land, and recognized and acknowledged the defendant Eugenio Alvarez Martino as its lawful owner; and prayed "that the complaint be dismissed, each party to pay his own costs."

November 20, 1905, the parties appeared in open court by their attorneys and there stipulated that the cause be dismissed, and an order of dismissal was entered "at the cost of the plaintiff."

December 1, 1927, over 22 years after the order of dismissal was entered, a motion was filed to reopen the case and set aside the order of dismissal, signed by some 19 of the plaintiffs and by one Castro, as attorney for all the plaintiffs. In the written motion the facts above narrated were set out, and it was further alleged that Coll Cuchi had no authority expressed or implied to enter into any stipulation; that they had no knowledge that any such stipulation had been entered into by him; that they never received any consideration whatever as a result of the stipulation; and that until about six months ago they had no actual information as to the status of the case. They asked leave to produce proof and be heard in support of their motion; that the stipulation be declared null and void and that the order of dismissal be revoked. There was apparently a hearing of the petitioners on the motion before the court (no one being present representing the defendants in the original action), and on February 11, 1928, the court, assuming the facts set out in the motion to be true, entered an order denying the motion, and stated therein that the only appearance ever made by the plaintiffs in the suit up to the filing of the motion of December 1, 1927, was by their attorneys; that no settlement of the case was ever approved by the court; and that the order of November 20, 1905, dismissing the case at the cost of the plaintiffs, was made at the request of the attorneys for the respective parties in open court; that the court had the right to assume that the plaintiffs' attorney had authority to make the motion to dismiss the suit, which he had commenced; and that the order of dismissal, no settlement of the case having been approved by the court, did not bar the bringing of another action for the same cause. It is further stated in the order that the defendants in the case did not then reside in Porto Rico, but in Spain, so that any service had upon them would have to be by publication; that they were not owners of the land at the present time, the property having become valuable and changed hands many times; and that it was not likely they would pay any attention to the notice by publication.

It is from the order dismissing this motion that this appeal is taken.

It appears from the foregoing statement that the judgment or decree of dismissal was entered November 20, 1905, at a term of court held and ended more than 20 years prior to the term at which the motion of December 1, 1927, to vacate the order of dismissal, was made; and further that no service of the motion of December 1, 1927, had been had upon the defendants in the original case.

We are not called upon to decide the merits of the questions raised by the motion and passed upon by the District Court; for that court after the term at which the judgment or decree was entered was without power upon motion to set it aside. City of Manning v. German Insurance Co. (C. C. A.) 107 F. 52, Hart v. Wiltsee (C. C. A.) 25 F. (2d) 863.

The District Court not only had no jurisdiction of the subject-matter, but no jurisdiction of the parties.

The judgment or decree of the District Court is vacated, and the case is remanded to that court with directions to enter an order of dismissal for want of jurisdiction.